JOHN CLARK, Plaintiff in Error, vs. RANSOM NORTON and PHLEMING D. JOHNSON, Defendants in Error.

### ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

Where an officer is sued in trespass for taking property under process, the process alone, if regular and valid on its face, is sufficient to protect him, even if the officer who issued it had not jurisdiction. But the rule is different when the officer himself, or a party claiming under him, brings suit to recover the property, or its value, against a stranger intermeddling with the property. In such case he must show not only process regular upon its face, but that the Court or officer had jurisdiction to issue the same.

The right of an officer to bring an action for goods levied upon by him, depends upon his special property, and liability over; if the process be void, he acquires no title, and cannot be liable over to the Plaintiff at whose suit the process issued, and consequently cannot and ought not to be permitted to maintain an action for the recovery of the property, or its value.

In pleading the process of a Court of inferior and limited jurisdiction, it is necessary to allege every fact requisite to show that such Court had acquired jurisdiction of the subject matter, the parties and the process, and nothing is presumed in their favor so far as it respects jurisdiction; and the party seeking to avail himself of their process, must show that they had jurisdiction affirmatively.

Certain goods were attached by a constable, in an action in favor of *Kercher* vs. *Kniskern*, for $80.82 and costs. The property was replevied by one Norton, and the replevin bond was conditioned that Norton should appear on the return day, and prosecute his suit to judgment, and return the property if a return thereof be adjudged by the Court, and pay all costs and damages that might be adjudged against him. In a suit upon the bond, the Plaintiff assigns as a breach, that the said Norton did not prosecute his suit, &c., but that the same was dismissed, and judgment rendered against him for the costs of the action. Upon these facts the Plaintiff avers that an action hath accrued to him to recover the amount of the judgment in the action in which the attachment issued, and damages. *Held*, that in the replevin suit, the Defendants should have asked for a judgment *de retorno*, and have had their damages assessed; and a judgment for the return and damages would have fixed the liability of the sureties on the bond. As it was there was no breach of the bond, to warrant the judgment demanded.

Points and Authorities of Plaintiff in Error.

I.—The complaint alleges that the Plaintiff, on a day certain, had possession of the property in question. This allegation is sufficient to show the fact of his possession, and nothing more than possession is necessary to entitle him to sue a stranger for divesting him of his possession. But in this case it is not stated as one of the facts necessary to constitute a cause of action : it is simply matter of inducement.

The defendants admit his possession by bringing an action of replevin for the purpose of divesting his possession. It was not therefore necessary for the Plaintiff to show his official character, or that he held the property by virtue of legal process. He might have stated that he was a thief and had stolen the property, and that he had possession of the property by virtue of his title as such thief, and he could then have maintained an action to recover the possession of the property against any one who could show no better title.

II.—The action is brought upon a replevin bond for a violation of one of its conditions, to wit: that Defendant Norton did not prosecute his action to a judgment, but that instead thereof, he suffered himself to be non-suited on the return day of the writ.

The bond is not void for its uncertainty, for the reasons,

1. That the subject matter of property referred to in the bond can be identified by parol evidence, and can be and is supplied by averment, even under the strictest rules laid down by Lord Bacon, and other English Judges, relative to ambiguous instruments. 2 *Phillips on Evidence*, 293-2; *vol. 4, part 2, Cow. & Hill's Notes, pp.* 496-7-8; *Case agt Young et al.*, 3 *Minn. Rep.* 209; *Baldwin agt. Winslow*, 2 *Minn. Rep.* 213.

2. Because a party and his sureties are always precluded from gainsaying the jurisdiction of the Court, or the validity of any instrument, or legality of any proceedings, through or by the aid of which they have been enabled to obtain the possession of valuable property or rights of any kind. *See* 16, *H. P. R.* 124, *and cases there cited.*

Points and Authorities of Defendants in Error.

I.—The Plaintiff himself characterizes the possession and defines the title under which he claims a right to recover.

By that he is bound and cannot be permitted to stand on a naked possession. He asserts his special title as a constable as the foundation of his claim, and supports it by possession " as such constable." 16 *Wend. R.* 562; 12 *do. do.*, 74. He is therefore bound to allege, as well as prove, all the facts necessary to establish such special title, for his right to recover depends upon his liability over, and unless the process under which he acted is valid in law, he is not liable over at all. The action is not against a party, but strangers to the process, which he is using as a sword and not as a shield.

The counsel for the Plaintiff is manifestly in error in saying that the Plaintiff might have recovered the property against a stranger upon an alleged possession as a thief. Such an allegation would thoroughly vitiate his claim to a recovery, and courts do not aid criminals in that way.

II.—The Plaintiff fails to show by his complaint that the Justice of the Peace who issued the warrant of attachment under which he claims, had jurisdiction of the subject matter, the parties or the process, in the case in which the attachment was issued, nor does he show that the attachment was good on its face. 2 *Denio R.* 643; 1 *Hill R.*, 118; 16 *Wend. R.*, 562; 3 *Cow. R.*, 206; 1 *Cow. Tr.*, 398 *to* 405, 2d ed.; 2 *Greenlf. Ev.* § 629; 6 *Hill R.* 311; 5 *Hill R.* 194.

In pleading the process of a court of inferior and limited jurisdiction, it is necessary to allege every fact requisite to show that such court had acquired jurisdiction of the subject matter, the parties and the process; and this rule applies to the officer serving the process when he seeks to use it to build up a title against a stranger.

In this case he has stated the names of the parties to the process of attachment, and the amount, and that is all. He does not show the cause of action, or that any affidavit was made and filed, or that any security was given.

III.—It does not appear by the Plaintiff's complaint that

the Justice of the Peace who issued the writ of replevin had jurisdiction of the subject matter, parties or process in that action, and the remarks heretofore made relative to the warrant of attachment apply.  18 *Wend. R.*, 521; 19 *Wend. R.*, 283-531.

IV.—Though the bond should be adjudged valid, no sufficient breach of its condition is alleged to entitle the Plaintiff to recover.  The first breach alleged is, upon the face of the complaint, untrue.  The action did proceed to judgment. Judgment of dismissal or non-suit and for costs, was rendered.

The Defendant in that suit (the Plaintiff in this) should then have taken his judgment *retorno*, and for his damages for the detention of any. .That, he omitted to do, and it is a failure of his own.  By the terms of the bond the Defendants are not liable to return the property, unless return thereof be adjudged, nor are they liable for damages, except they " be adjudged against him by the Court " in that case.  No such judgment for a return of the property, or its value, or for damages, was rendered in that action.

There is not anything in the condition of the bond to make the Defendants liable for the amount of any claim in suit or judgment before Huyderstaedt, J, or for any sum that Kniskern might owe Kercher.  If the Plaintiff was liable over for that debt, by reason of his service of the attachment, his remedy was clearly to take his judgment *retorno* in the replevin suit, assessing the value of his special title as the alternative recovery, in case the property should not be returned.  Failing to do that, he failed to fix any liability on the bond, even for the costs.

But the Plaintiff does not claim to recover in this action the amount of the judgment for $1.55 costs rendered by Varner, in the replevin suit.  He does not allege the non-payment of that judgment, or a breach of the condition of the bond.  He does not allege its non-payment at all.  He only claims to recover the amount of the damages and costs in the judgment rendered by Huyderstaedt against Kniskern in favor of Kercher.

The consequential damages cannot be allowed.  None are allowable in such cases, but if they were, the statement of the

claim is so vague, indefinite and uncertain as to be wholly void. It does not contain any notice to the Defendants of the manner how, or the facts on which they accrued. It does not state any fact constituting a cause of action, in plain language, so that the Defendants may know what is intended by the Plaintiff.

V.—The judgment of the District Court is manifestly right and ought to be affirmed.

L. M. BROWN, Counsel for Plaintiff in Error.

A. G. CHATFIELD, Counsel for Defendants in Error.

*By the Court*—ATWATER, J.—This was an action commenced in a Justice's Court, of Scott County, by Clark, the Plaintiff in Error, upon a replevin bond, executed by Norton and Johnson. The cause was taken by appeal to the District Court of that county, and upon motion of Defendants' attorney, judgment was rendered for Defendants, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Plaintiff removes the cause to this Court by writ of error.

The grounds of error urged below in the motion for judgment, or rather the defects in the complaint, will be better understood by presenting those portions of the pleading, which embrace the material facts, which are as follows :

The complaint shows to the Court, that on the 4th day of October, 1860, the Plaintiff was constable of the town of Sand Creek, in Scott County, and as such constable had possession of a quantity of grain in the stack, viz.: the undivided half of one stack of wheat, &c., of the value of fifty dollars; which property the Plaintiff then held under and by virtue of an attachment to said Plaintiff as such constable, delivered and issued by F. A. Hyderstoedt, Esq., Justice of the Peace of said county of Scott, in favor of Kasmier Kercher, Plaintiff, against Martin Kniskern, Defendant, for the sum of $30.82, besides costs. That on the said 4th day of October, 1860, a replevin suit was commenced before William Varner, Esq., a Justice of the Peace of said County, by said

Norton against said Plaintiff, for said grain so held by the said Plaintiff under the said attachment, and the said undivided half, &c., was then and there taken and replevied out of the possession of the Plaintiff; that previous to the issuing of the said writ of replevin, and on the said 4th day of October, 1860, the said Norton, as principal, and the said Johnson, as surety, made, executed and delivered to said William Varner a bond or obligation in writing under their respective hands and seals, and duly approved of in writing by said Varner, which said bond is substantially in words and figures following, viz. :

"Know all men by these presents, that we, Ransom Norton and P. D. Johnson, as surety, are held, &c., unto John Clark in the sum of eighty dollars, for the payment of which we bind ourselves, &c."

The condition of the above obligation is such, whereas the above bounden Ransom Norton has this day commenced a replevin suit against John Clark, now if the said Norton shall appear on the 24th day of October, 1860, the return day of the writ, and prosecute his suit to judgment, and shall return the property if a return thereof be adjudged by the Court, and shall pay all costs and damages that may be adjudged against him by the Court, this obligation to be void, otherwise of force and effect.

And the Plaintiff further says and assigns as a breach of the said bond, that the said Ransom Norton did not prosecute his said action to judgment, but on the contrary thereof, the said suit was on the said 24th day of October, 1860, dismissed, and a nonsuit ordered, and a judgment rendered by said Varner, Justice as aforesaid, against said Norton in favor of the Plaintiff (the Defendant in that suit,) for one dollar and fifty-five cents costs of suit, whereby an action hath accrued to said Plaintiff, to demand and have of and from the said Defendants the amount of the said demand specified in said attachment, besides costs, which said demand is now in judgment before said Hyderstaedt in said suit in favor of said Kircher against said Kniskern for the sum of $30.82 debt, and $6.35 costs of suit, &c.

The Plaintiff does not claim to be the owner of the prop-

erty taken by the Defendants in the replevin suit, but asserts a special title to it by virtue of his office as constable. To maintain the action, it might perhaps have been sufficient to have alleged simply that he was in possession. But he has gone further than this, and stated how he came in possession, and avers that he held the property "by virtue of an attachment to said Plaintiff as such constable." The process alone, if regular and valid on its face, would be sufficient to protect the officer, when sued in trespass for taking property under it, even if the justice had not jurisdiction to issue it. But the rule is different when the officer himself, or a party claiming under him, brings suit, to recover the property, or the value, against a stranger intermeddling with the property. In such case he must show not only process regular upon its face, but that the Court or officer had jurisdiction to issue the same. *Yates vs. St. John*, 12 *Wend.*, 74; *Earl vs. Camp*, 16 *Wend.*, 562; *Dunlap vs. Hunting*, 2 *Denio*, 643. The right of an officer to bring an action for goods levied upon by him, depends upon his special property, and liability over; if the process be void, he acquires no title, and cannot be liable over to the Plaintiff at whose suit the process issued, and consequently cannot and ought not to be permitted to maintain an action for the recovery of the property, or its value.

The Plaintiff entirely fails to show that the Justice who issued the writ of attachment under which he claims, had jurisdiction either of the subject matter, or of the parties to the suit. In pleading the process of a Court of inferior and limited jurisdiction, it is necessary to allege every fact requisite to show that such Court had acquired jurisdiction of the subject matter, the parties, and the process, and nothing is presumed in their favor so far as it respects jurisdiction; and the party seeking to avail himself of their process must show that they had jurisdiction affirmatively. *Cow. & Hill's Notes to Phil. on Ev.*, vol. 4, part 2, 110, *and cases cited;* 1 *Denio*, 158; 3 *Cow.*, 206. It does not appear that any affidavit was filed with the Justice before issuing the writ of attachment, nor that the case was one of those specified in the statute authorizing writs of attachment. The same objections also to a certain extent, apply to the writ of replevin, as if that was

unauthorized and void, the surety could not, we think, be held on the bond.   And see further, as to what must be alleged by Plaintiff in this case, 1 *Hill*, 118; 1 *Cow. Tr.* 398, *et seq.;* 2 *Greenleaf's Ev.*, sec. 629; 6 *Hill*, 311; 5 *Hill*, 194; 3 *Coms.*, 193.

But there is still another objection in the way of the Plaintiff on this complaint.   The condition of the bond is that "if the said Norton shall appear on the 24th day of October, 1860, the return day of the writ, and prosecute his suit to judgment, and shall return the property, if a return thereof be adjudged by the Court, and shall pay all costs and damages that may be adjudged," &c.   Breach, that he did not appear and prosecute. Whereupon, the Plaintiff avers, that an action hath accrued to him to recover the amount of the judgment recovered by Kercher against Kniskern.   But the obligation was not to pay this judgment, nor is there anything in the bond itself, or in the pleadings, from which it can even be inferred, that such was the intent of the obligation.   There is no ambiguity in the instrument, as to the conditions on which the obligors were to become liable.   By the terms of the instrument, in no contingency were they to become liable for the payment of the judgment above named.   If the Plaintiff failed to appear and prosecute his action to judgment, then, they were liable for a return of the property if a return thereof should be adjudged by the Court, and also to pay all costs and damages that might be adjudged against the Plaintiff by the Court.   But it does not appear that any return of the property was adjudged by the Court, and consequently there has been no breach of the obligation on that head.   Nor does it appear that any damages were adjudged.   The Defendants should have asked for a judgment *de retorno*, and have had their damages assessed, and a judgment for a return and damages might have fixed the liability of the Defendants upon the instrument.   As the Plaintiff has had no return of the property adjudged, the presumption is that he was not entitled to it, and consequently is not liable over to the Plaintiff in the attachment suit.   At all events, the only statement tending to show a liability on the part of the obligors, is that judgment was rendered against them for $1.55 costs, in the

replevin suit. Whether the ·Plaintiff would be entitled to recover for this item without alleging that the costs are unpaid, may be questionable, but I deem it unnecessary to decide the point, as the action is not for the recovery of these costs. The complaint in its demand for judgment is silent as to these, unless indeed they be included in the general allegation of damages,—an allegation, too general, indefinite, and uncertain, to permit the introduction of· proof of specific damage. The prayer of the complaint is to recover the amount of the judgment rendered by Hyderstoedt, and damages, and it is to this claim the Defendants are required to answer. The complaint does not state facts entitling the Plaintiff to recover that judgment, and· the judgment of the District Court is affirmed.