# SPRING SESSIONS,
# 1899.

———•———

JOHN H. TRUITT, Sheriff, for the use of GEORGE HARMON, *vs.*
ELIJAH W. COLLINS.

1. In an action upon a replevin bond for failure to prosecute a replevin suit with effect, where a nonsuit had been entered in the replevin suit and no further proceedings had therein ; *held*, upon the authority of *McIlvaine vs. Holland, 5 Harr., 226*, that testimony as to the value and ownership of the property replevied was admissible, and that the plaintiff was entitled to a verdict for the amount of the costs recovered in the replevin suit, and for such further damages as he may have actually sustained by reason of the failure of the plaintiff in the replevin to prosecute his suit with effect ; the whole amount to be recovered not to exceed the penalty of said bond.

2. Amendment allowed as to the name of the party plaintiff.

*(April 5, 1899.)*

JUDGES SPRUANCE, GRUBB and BOYCE sitting.

*C. W. Cullen* and *John M. Richardson* for plaintiff.

*Robert C. White* and *Andrew J. Lynch* for defendant.

Superior Court, Sussex County, April Term, 1899.

ACTION OF DEBT ON REPLEVIN BOND (No. 20, October Term, 1896).

A writ of replevin to the October Term, 1894, was issued at the suit of Benjamin M. Jones against George Harmon for a lot of cord-wood, under which said property was delivered to the said Jones, he, with the defendant in this action, Elijah W. Collins, executing to the sheriff a replevin bond in the penal sum of four hundred dollars with condition, in substance, that if the said Jones should appear before the Judges of the Superior Court for Sussex County

at the October Term then next, and then and there well and truly prosecute the said writ of replevin with effect; and should return said property if the same should be adjudged; and should then and there defend the said sheriff for replevying and delivering said property, and should stand to, abide by, perform and fulfill the judgment of the Court in the premises, then the said obligation should be void.

The said replevin suit came on for trial at the October Term, 1895, and after the plaintiff had closed his testimony, on motion of the attorney for the defendant, the Court ordered a nonsuit to be granted.

In the present action upon the said replevin bond, the only breach alleged in the plaintiff's declaration is, that the plaintiff in the said replevin suit failed to prosecute his said suit with effect.

This action having been brought in the name of " George Harmon, assignee of John H. Truitt, late Sheriff of Sussex County, vs. Elijah W. Collins;" on motion of plaintiff's attorneys, after objection and argument, the name of the party plaintiff was amended so as to read : " John H. Truitt, Sheriff, for the use of George Harmon"—on the authority of *Waples vs. McIlvaine, 5 Harr., 381.*

The plaintiff offered to prove the value of the cord-word in 1894, when the writ of replevin was issued, and the said wood taken thereunder.

The defendant objected on the grounds that the measure of damages for the breach of the replevin bond could only be proved by the judgment obtained in the replevin suit, and that inasmuch as the defendant in the replevin suit failed to ask for a judgment *pro retorno habendo* at the time of nonsuit, and failed to prove any damages at that time, he is estopped from proving any damages in this suit other than for the costs.

*Smallwood vs. Norton, et al., 20 Me., 83 ; Ladd vs. Prentiss, 14 Conn., 109 ; Clark vs. Norton et al., 6 Minn., 412 ; Chambers vs. Waters, 7 Cal., 390 ; McIlvaine's Admr. vs. Holland and*

*Records, 5 Harr., 226; Waples and Wife vs. McIlvaine's Admr.,
5 Harr., 381; Wall vs. Humphreys, 4 Dana, 209; Kimmell vs.
Kint, 2 Watts, 431.*

The plaintiff cited in reply:

*Wells on Replevin, Par. 413-15 and 428; Lambden vs. Cono-
way, 5 Harr., 1; McIlvaine's Admr. vs. Holland and Records, 5
Harr., 228; Waples and Wife vs. McIlvaine's Admr., 5 Harr., 381;
10 Wend. (N. Y.), 330.*

SPRUANCE, J. :—The question now presented to us is a very
interesting one.

The authorities cited by the counsel for the defendant—
especially *Clark vs. Norton, 6 Minn., 412; Chambers vs. Waters,
7 Cal., 390; Wall vs. Humphreys, 4 Dana (Ky.), 209,* and *Kim-
mell vs. Kint, 2 Watts, 431*—seem to us very strong. They are to
the effect that in an action upon a replevin bond no matter can be
tried which could have been tried in the action of replevin and
that the value of the goods, the ownership of the property and all
similar questions, are triable and determinable only in the replevin
suit.

It appears to us that there is much reason for this contention
of the defendant. The replevin suit was brought to determine
these questions and the pleadings and proceedings in such a suit
are better adapted to the purpose than are the pleadings and pro-
ceedings in an action on the replevin bond.

If we had no decision in our own State bearing upon this
subject our inclination would have been very strong to hold that in
an action upon a replevin bond no question can be tried which
could and ought to have been tried and determined in the replevin
suit.

It was, however, ruled otherwise in the case of *McIlvaine vs.
Holland.* This was an action of replevin in the Superior Court of
Sussex County in which there was a verdict and judgment for the
plaintiff.—*5 Harr., 10.*

The Court of Errors and Appeals reversed this judgment on grounds not material to the present case.

Upon the return of the record to the Superior Court the plaintiff in the replevin discontinued his suit. Afterwards a rule was obtained by the defendant to show cause why an order should not be made in the nature of a writ of inquiry, to ascertain the damages of defendant by a jury at bar, or that the discontinuance be set aside. The latter part of the rule was abandoned, but the defendant insisted upon the writ of inquiry.

Judge Harrington, delivering the opinion of the Court, said : " The plaintiff in the replevin has given bond to prosecute his action, and if he discontinues or is nonsuited, his bond is forfeited ; and the defendant has full remedy by action thereon. There is no necessity in this, more than in other actions, to refuse to a plaintiff a right which generally belongs to him, of discontinuing his suit; upon which discontinuance the judgment is, under the act of Assembly, for the defendant for costs and nothing more.

"Hence there being in fact no judgment for a return of the goods, or for an equivalent in damages on proof of their destruction, this Court cannot award an inquisition or make any order in the nature of an inquisition, to ascertain the amount of damages. The defendant's remedy is on the replevin bond." The rule was discharged.—*5 Harr., 226.*

An action was afterwards brought upon the said replevin bond. At the first trial of said action, owing to the amendment allowed by the Court, the case was continued.—*5 Harr., 381.*

Upon examination of the record of the case we find that it was subsequently tried and resulted in a verdict and judgment in favor of the plaintiff for $871.10.

This judgment does not appear to have been vacated or reversed.

We do not feel at liberty to disregard the authority of *McIlvaine vs. Holland,* and following the rule as there declared, the objection of the defendant is overruled.

The plaintiff having closed, the defendant offered to prove by Jones, the plaintiff in the replevin suit, that he was the owner of the cord-wood when it was replevied.

The plaintiff objected to the testimony as irrelevant and because title to the property cannot be proved in this action, citing *Wells on Replevin, 448.*

Upon the authority of *McIlvaine vs. Holland* the Court overruled the objection.

The plaintiff prayed the Court to instruct the jury:

*First.* That the nonsuit in the case of Jones *vs.* Harmon is a breach of one of the conditions in the replevin bond, and therefore forfeits the same.

*Second.* That the plaintiff in this suit is entitled to recover the costs in the said replevin suit and such other damages as the jury may think he has sustained by reason of the failure to prosecute said replevin suit with effect.

The defendant prayed the Court to instruct the jury:

That the jury can find for the plaintiff only such damages as have been proved that he actually sustained by reason of the breach of the condition of the replevin bond; and as no proof has been offered of his title to the wood replevied, their verdict should be for costs expended by him in the replevin suit only.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—It is proved and admitted that under the writ of replevin of Benjamin M. Jones against George Harmon the Sheriff took the cord-wood in question from Harmon and delivered it to Jones, and that upon the trial of the replevin suit, the Court, for some reason unknown to us, nonsuited the plaintiff, and that no further proceedings were ever had in that suit.

The only breach of the condition of the replevin bond sued upon in this action, set forth in the plaintiff's declaration, is that

the said Jones did not prosecute his said replevin suit against the said Harmon with effect.

The said nonsuit in the replevin suit operated as a breach of the condition of the said bond to prosecute the said suit with effect, and entitles the plaintiff in this action to recover as damages the costs in said replevin suit, amounting, as is admitted, to the sum of $16.63.

The plaintiff claims that he is entitled to recover such further damages as the jury, upon consideration of the evidence, may conclude that he has sustained by reason of the failure of said Jones to prosecute said replevin suit with effect.

Usually all questions as to the rights of the parties in respect to the goods replevied, for example, whether they should be returned to the defendant in the replevin suit, or whether he should have damages equivalent to their value, are settled by the verdict a jury in the replevin suit. In this case none of these questions, nor any other question was submitted to or received the consideration of the jury.

Owing to the decision of the Superior Court of this county in *McIlvaine vs. Holland 5 Harr., 226*, we feel constrained to allow to be tried in this action the right of the plaintiff to damages, beyond the costs in the replevin suit, notwithstanding the fact that this matter could have been more conveniently and properly tried in the action of replevin. The plaintiff is entitled to recover in this action only the amount of the damages which he has actually sustained by reason of the breach of the condition of the bond alleged in his declaration.

He is entitled to a verdict for no larger sum than the costs in the replevin suit unless it has been shown by the evidence, of which you are the sole judges, that he has sustained damages to a larger amount by reason of the failure of the plaintiff in the replevin to prosecute his writ with effect. In no event can the verdict be for more than four hundred dollars, the penal sum of the bond.

We think that we have said sufficient for the guidance of the jury in the consideration of this case, and we decline to give more

specific instructions upon the prayers presented by the counsel of the respective parties.

Verdict for plaintiff for $16.63.