CAROLINE J. RAYMOND, Executrix of GEORGE H. RAYMOND, deceased, for the use of CLARENCE B. RAYMOND, for the use of CAROLINE J. RAYMOND, *vs.* SARAH T. M. FARRELL, Administratrix of EDWARD FARRELL, deceased, and SARAH T. M. FARRELL, *terre* tenant.

1.  JUDGMENT—REVIVAL—SCIRE FACIAS—EFFECT ON ESTATE OF OWNER OR DONEE.

Under *Rev. Code of* 1915, §§ 4293, 4296, 4300, limiting the duration of judgment liens upon real estate to ten years, and providing for their renewal by *scire facias,* a judgment lien on land may be revived as against the original owner of such land, or his heir or devisee, even though the latter's estate vested after such lien was lost or interrupted.

2.  JUDGMENT—REVIVAL—SCIRE FACIAS AGAINST TERRE TENANT—STATUTE—TENANT PURCHASER FOR VALUE—SUFFICIENCY OF EVIDENCE.

In action by *scire facias* to renew a judgment lien against land owned by a widow *terre* tenant of her husband's, the judgment debtor's realty, evidence *held* insufficient to show that such widow was a *bona fide* purchaser for value within *Rev. Code of* 1915, §§ 4293, 4296, 4308, limiting in duration and providing for renewal by *scire facias* of judgment liens, and regulating the rights of purchasers for value, judgment creditors and mortgagees.

(<em>February</em> 26, 1915.)

*James H. Hughes* and *Henry Ridgely* for plaintiff.

*Charles H. Le Fevre* for defendants.

Superior Court, Kent County, February Term, 1915.

Action by Caroline J. Raymond, as executrix against Sarah T. M. Farrell, as administratrix and *terre* tenant. Judgment for plaintiff.

This is an action by *scire facias sur* judgment (No. 9, October Term, 1914) for the renewal and continuance of the lien upon real estate, and for having execution, of a certain judgment, recited in the agreed statement of facts hereinafter.

Sarah T. M. Farrell, administratrix of Edward Farrell, the judgment debtor, deceased, one of the defendants in this action, pleaded in substance that she had no goods and chattels, rights and credits of said deceased in her hands at the time of his death, and that no goods and chattels, rights and credits of said deceased came to her hands after his death, except the sum of four hundred and twenty-five dollars and twenty-six cents, the proceeds of the sale of certain real estate sold by her under an order of the Orphans' Court for Kent County for the payment of debts of the deceased, and that the same had been fully administered by her, the greater part thereof having been paid to the plaintiff on account of said judgment.

The said Sarah T. M. Farrell, *terre* tenant, one of the defendants, also pleaded in substance that she is not *terre* tenant of any real estate bound by the lien of said judgment, and that she was not such *terre* tenant at the time, nor has been at any time since, the issuance of said writ of *scire facias*.

Issue was joined, and the proceeding came on to be heard before a jury.

At the close of the testimony and argument of counsel, the court instructed the jury to return a verdict for the plaintiff for the sum of five thousand dollars with interest at five per centum per annum from the eighth day of June, A. D. 1914. After the verdict, to wit, on the fourth day of March, A. D. 1915, counsel for the plaintiff and for the defendant respectively agreed in writing (upon leave of the court filed in the cause) that the verdict given be set aside by consent, and the case be decided finally upon an agreed statement of facts by the Court in Banc, to be convened at the April term of said Superior Court following.

The court, thereupon, permitted the statement to be filed, set aside the verdict, and made the following order:

And now, to wit, this fourth day of March, A. D. 1915, the foregoing cause having been duly read and filed in the said court, it is considered by the court that the questions of law therein contained ought to be decided by the Court in Banc:

It is therefore, on the joint application of the parties, ordered by the court and they do hereby direct, that the same be heard by the Court in Banc.

The cause came on to be heard in the Court in Banc before PENNEWILL, C. J., and BOYCE, CONRAD, RICE and HEISEL, JJ., on the agreed statement of facts, substantially as follows:

"That there is a judgment, D. S. B., of the Superior Court of the State of Delaware, in and for Kent County, at the suit of *George H. Raymond v. Edward Farrell*, for the real debt of five thousand dollars, with interest at five per centum per annum from the eighth day of June, 1899, payable on or before the eighth day of June, 1904; said judgment being No. 67 as of the April term, 1899, having been entered June 10, 1899, and being of record in Judgment Docket 33, page 141; that said judgment is conditioned solely for the recovery of money and is not a judgment entered by virtue of a warrant of attorney or otherwise by confession upon any bond or obligation of indemnity, nor for the faithful discharge of duty, nor with conditions other than for the payment of money, and it is not a judgment upon a mortgage or recognizance nor a judgment on a bond accompanied by a mortgage, and it is not a judgment on a bond taken by order of any court of the State of Delaware, nor a judgment upon a mechanic's lien; that the death of George H. Raymond was suggested on the record of said judgment and Caroline J. Raymond, executrix of the last will and testament of the said George H. Raymond, was duly made party plaintiff in said judgment; that on the twenty-fourth day of December, A. D. 1901, the said judgment was marked to the use of Clarence B. Raymond and thereafter and on the same day the said judgment was marked to the use of Caroline J. Raymond.

"That at the time of the recovery of said judgment the only real estate owned by the said Edward Farrell was a farm of three hundred and sixty acres of marsh and upland, known as the 'Raymond Farm,' and an undivided one-third interest in a farm of one hundred and sixty-eight acres and ninety-seven square perches of land, known as the 'John Farrell Farm,' both of said farms being situated in Duck Creek Hundred, Kent County and State of Delaware.

"That after the time of the recovery of said judgment, to wit, in the month of September, A. D. 1899, Edward Farrell intermarried with Sarah T. M. Farrell, the same person named as administratrix of Edward Farrell, deceased, and as *terre* tenant, the defendants in the above stated case.

"That in Deed Record Book C, Volume 9, pages 3 and following, in the recorder's office of the State of Delaware, in and for Kent County, appears of record a deed in the form of an indenture of bargain and sale, executed by Edward Farrell and Sarah T. M. Farrell, his wife, to Francis H. Hoffecker,

dated December 5, 1899, conveying the 'Raymond Farm' aforesaid to the said Francis H. Hoffecker in fee simple, for the consideration of five dollars.

"That in the recorder's office aforesaid in Deed Record Book C, Volume 9, pages 5 and following, appears of record, a deed in the form of an indenture of bargain and sale, executed by Francis H. Hoffecker to Sarah T. M. Farrell, dated December 5, 1899, conveying the aforesaid 'Raymond Farm' to the said Sarah T. M. Farrell in fee simple, for the consideration of five dollars.

"That Sarah T. M. Farrell, the party of the second part, in the last mentioned deed, is the same person named as 'administratrix of Edward Farrell, deceased,' and '*terre* tenant,' the defendants in the above stated case, and she was on December 5, 1899, the wife of the said Edward Farrell; that the said Francis H. Hoffecker whose name appears in both of said deeds is an attorney at law and he was at the time of the execution of said deeds the attorney of the said Edward Farrell; and that the value of the said 'Raymond Farm' was at the time of the execution of said deeds of at least the sum of fifteen thousand dollars.

"That Edward Farrell died intestate on the first day of July, A. D. 1905; that at the time of his death the only real estate owned by him (not taking into account the 'Raymond Farm' aforesaid) was an undivided one-third interest in the 'John Farrell Farm' aforesaid; that he did not leave sufficient personal property to pay his debts outside of the judgment aforesaid; that after his death his undivided one-third interest in the 'John Farrell Farm' aforesaid was sold for the payment of debts on the petition of his administratrix, Sarah T. M. Farrell, through the Orphans' Court of the State of Delaware, in and for Kent County, and the same was sold for the sum of five hundred dollars, which was not sufficient for the payment of the judgment aforesaid or his debts outside of the judgment aforesaid.

"That the said Sarah T. M. Farrell, administratrix of Edward Farrell, deceased, passed her first and final account of her administration upon the estate of Edward Farrell, deceased, before William D. Hudson, register of wills, in and for Kent County, on the second day of July, A. D. 1907, which account shows a distribution of the proceeds received from the sale of the undivided one-third interest in the said 'John Farrell Farm,' and one of the payments therein expressed is the following, to wit: 'To paid interest on judgment, No. 67, April Term, 1899, to Caroline J. Raymond, from June 10, 1906, to June 10, 1907, $250.00;' and that said account also shows an overpayment made by said administratrix amounting to two hundred and seventy-two dollars and ninety-nine cents.

"That the interest on the judgment aforesaid has been paid until June 8, 1914, the said interest having been paid by Edward Farrell during his life time and after his death having been paid by the defendants in the above stated case; and that there is now due and owing on said judgment the sum of five thousand dollars as principal, and interest on said sum at five per centum from June 8, 1914.

"That there has been no agreement of any kind in writing filed in the office of the prothonotary and by him minuted and certified upon the record of said judgment for the renewal or continuation of the lien of said judgment upon real estate; and that the only writ of *scire facias* for the renewal and continuance of the lien of said judgment upon real estate ever issued upon said judgment was the writ of *scire facias* issued on the eighteenth day of July, A. D. 1914, and which is the *scire facias* forming the basis of the above-named case.

"That the above and foregoing shall be taken by the Court in Banc to be the facts agreed upon by the parties. That in addition the said Court in Banc shall consider the case in the light of the testimony given by Sarah T. M. Farrell called as witness for the defendants as follows:

### " 'DIRECT EXAMINATION.

" 'Q. Did you actually pay the five dollars consideration named in the deed from Francis H. Hoffecker to yourself?

" 'A. I presume he was paid. I paid five dollars to Mr. Farrell.

### " 'CROSS-EXAMINATION.

" 'X. Was not the five dollars which you say you gave to Mr. Farrell, given to be paid Mr. Hoffecker as a fee for drawing the deeds?

" 'A. I presume Mr. Farrell paid him.

" 'X. Was not the actual consideration for those deeds natural love and affection on the part of your husband to yourself?

" 'A. It had a great deal to do with it.

" 'X. Do you, or not, remember a suit in the Court of Chancery of this state, in which the children of Edward Farrell attacked the validity of these deeds?

" 'A. I do.

" 'X. Do you, or not, remember making and filing an affidavit in that suit, in which you stated that the only consideration for the deeds of the "Raymond Farm" was natural love and affection?

" 'A. I stick to what I said in that affidavit.

" 'X. I hand you this paper purporting to be an affidavit of Sarah T. M. Farrell in the chancery case alluded to. Is that your signature and affidavit?

" 'A. Yes.

" 'X. It is stated in this affidavit, Mrs. Farrell, that "he (meaning Edward Farrell) conveyed to her (meaning you) the said farm (meaning the 'Raymond Farm') for the consideration of natural love and affection." Was that statement contained in that affidavit correct?

" 'A. I cannot deny anything that is in the affidavit.

### " 'RE-DIRECT EXAMINATION.

" 'RQ. Do you recall any conversation that you had with your husband at, or about, the time that the deeds were executed?

" 'A. Mr. Farrell told me that he preferred to deed the farm to me rather than to leave it to me by his will.'

"And it is further agreed by the respective counsel, that no writ of error shall be issued to the Superior Court in said case, but that judgment of the said Superior Court entered in pursuance of the opinion of the Court in Banc in said case, certified to the said Superior Court, shall be final."

BOYCE, J., after stating the case as above, delivered the opinion of the court:

By *Chapter* 200, *Volume* 23, *Laws of Delaware*, 441, limiting judgment liens upon real estate, it is provided:

"Section 1. No judgment for the recovery of money hereafter entered or recorded in the Superior Court of this state in either Kent County or Sussex County whether rendered by said court or transferred thereto from the Supreme Court, or from the dockets of a justice of the peace, or operative in either of said counties by virtue of any writ of *testatum fieri facias*, or otherwise, howsoever recorded in said court, shall continue a lien upon real estate for a longer term than ten years next following the day of entry or recording of such judgment; or in case the whole or any part of the money for which said judgment shall be recovered or rendered shall not be due and payable at or before the time of its entry or recording the day on which such money shall have become wholly due and payable unless within said term of ten years, the lien of such judgment shall be renewed and continued by a written agreement, signed by the plaintiff or if there be more than one, one or more of the plaintiffs therein, or the assignee or assignees thereof, or the person or persons to whose use such judgment shall have been marked, or his, her or their executors or administrators, and by the defendant or defendants, therein, or his, her or their executors or administrators, and in order to bind lands conveyed by the defendant or defendants by deeds of record, subsequent to such judgment, the *terre* tenant or *terre* tenants of the real estate bound by such lien, or, in case of a judgment upon a mechanic's lien, the *terre* tenant or *terre* tenants of such real estate, or by the attorneys of record of the respective parties to such judgment, or of the persons interested therein as aforesaid, in substantially the following form, after stating the title of the cause, to wit, 'It is agreed that the lien of this judgment shall be extended for the term of ten years,' filed in the office of the prothonotary and by him minuted and certified upon the record of said judgment, or of the *testatum fieri facias*, as the case may be, or by *scire facias*, in manner hereinafter set forth; provided, however, that if a writ of *scire facias* shall be sued out of said court before the expiration of said term of ten years, and said term shall expire during the pendency of the proceedings upon the *scire facias*, the lien of said judgment shall continue until final determination by said court of the rights of the respective parties thereto; or until the discontinuance or dismissal of such *scire facias;* and provided further, that if final judgment in such *scire facias* shall be rendered against the plaintiff or plaintiffs therein, and a writ of error shall be taken and the Supreme Court shall render final judgment thereon in favor of the plaintiff or plaintiffs in error, the lien of such original judgment shall be restored and continued, but such restoration or continuance of said lien by such final judgment by the Supreme Court shall not in any manner affect or be operative as against any *bona fide* purchaser, mortgagee or judgment creditor who shall become such after the entry of such final judgment by the Superior Court upon such *scire facias* and before the noting upon the record of such final judgment in such *scire facias* of the taking of such writ of error."

"Section 4. In case the lien upon real estate of any judgment for the recovery of money heretofore or hereafter entered or recorded in the Superior Court of this state in either Kent County or Sussex County shall be lost or interrupted under the provisions of this act and the said judgment shall thereafter be revived by *scire facias*, the same when so revived shall be a lien upon the real estate of the defendant or defendants in the original judgment, or in case of judgment upon a mechanic's lien upon the real estate originally bound by such mechanic's lien from the time of such revival, but such lien shall not relate back, nor shall it in any manner affect any prior *bona fide* purchaser or mortgagee from or judgment creditor of such defendant or defendants or *terre* tenant or *terre* tenants."

"Section 8. That the words *terre* tenant or *terre* tenants appearing in

this act shall be construed to mean the grantee or grantees of real estate to whom the same has been conveyed, as appears by the last conveyance of the same of record."

The said provisions are *Sections* 4293, 4296 and 4300 respectively, of the *Revised Code* of 1915.

Notwithstanding that the lien upon real estate of a judgment for the recovery of money shall be lost or interrupted after the expiration of a certain term, such judgment may be renewed and continued in the manner as provided by the statute, and when so revived shall be a lien upon the real estate of the defendant in the original judgment, yet such lien shall not relate back nor in any manner affect any prior *bona fide* purchaser, etc.

The judgment sought to be revived by this proceeding was a lien upon the farm, known as the Raymond farm, in Kent County, from the time of the entry of said judgment, on the tenth day of June, A. D. 1899, and for ten years thereafter from the date when said judgment became due and was payable, to wit, on the eighth day of June, A. D. 1904.

So that the lien of said judgment was existent and binding upon said farm at the time Edward Farrell, the defendant in the judgment, conveyed it to Francis H. Hoffecker, Esquire, on the fifth day of December, A. D. 1899, who on the same day conveyed it to Sarah T. M. Farrell, the *terre* tenant defendant in this action. But the lien upon said farm of said judgment had become lost or interrupted at the time the *scire facias* in this action issued and was made known to the defendants, to wit, on the eighteenth day of July, A. D. 1914.

[1, 2] The vital question therefore, for the determination of this court is: Was Sarah T. M. Farrell, the *terre* tenant defendant, a *bona fide* purchaser of said farm within the meaning of the statute, so that if said judgment be revived by the *scire facias* in this action, it will not when revived be a lien upon said farm?

If Edward Farrell, the defendant in the original judgment were still living and the owner of said farm, the judgment could be revived by *scire facias*, and when so revived it would be a lien upon said farm. Had he died seised of said farm after the lien thereon of the judgment had become lost or interrupted, the

Opinion.

revival of the judgment by *scire facias* would make it a lien upon said farm against his heirs at law or devisees.

It appears from the agreed statement of facts in this case and from the evidence of Mrs. Farrell that she gave only a mere nominal consideration for said farm.

Regarding it as admitted that Mrs. Farrell did pay five dollars for the conveyance of said farm to her yet there is the further admission that at the time of said conveyance the farm was worth at least fifteen thousand dollars.

Mrs. Farrell testified in the Superior Court that "Mr. Farrell told me that he preferred to deed the farm to me rather than to leave it to me by will," It further appears from her testimony that the consideration for the conveyance of said farm to her was that of natural love and affection.

From all the facts in the case stated, this court is unable to escape the conclusion that the conveyance of the farm was a gift, and that Mrs. Farrell was and is not a *bona fide* purchaser of the farm within the meaning and contemplation of the statute. While the said conveyance is based upon a sufficient consideration as between her and her deceased husband, or his heirs or devisees, nevertheless, even though the sum of five dollars was actually paid as the consideration for the farm, she is not a *bona fide* purchaser such as to prevent, within the meaning of the statute, the revival of said judgment by *scire facias* as against her as *terre* tenant, or to prevent the lien of said judgment when so revived from continuing upon said farm the same as if there had been no interruption of the lien, or the same as if the *scire facias* had issued before the expiration of the term of the lien of said judgment.

It is, therefore, the opinion of this court that the plaintiff is entitled to have a renewal and continuance of said judgment, under the statute, which, when revived, shall be a lien upon said farm, and that the plaintiff is also entitled to have execution of said judgment for the recovery of the sum of five thousand dollars with interest at five per centum per annum from the eighth day of June, A. D. 1914.

It is therefore ordered that the foregoing opinion and decision be certified to the Superior Court, for Kent County, that judg-

ment may be entered by said court in pursuance of this opinion under the terms of the agreement filed in this cause.

(Signed by the Judges.)

Thereupon, the said Superior Court, being in session, made the following order:

And now to wit, this fifth day of May, A. D. 1915, the opinion in the Court in Banc having been duly certified to this court, in accordance therewith,

It is now ordered, adjudged and decreed by this court that judgment be entered in favor of the plaintiff and against the defendants for the sum of five thousand dollars with interest at five per cent. per annum from the eighth day of June, A. D. 1914, besides costs, etc.

(Signed by the Judges.)