JOHN H. CLARK vs. WILMINGTON TRUST COMPANY, LUCIUS C.
JONES, COUNTY CONSTABLE, and THE DIAMOND STATE WARE-
HOUSE COMPANY.

REPLEVIN—ACTION ON BOND—SCOPE OF INQUIRY.

Ordinarily in an action upon a replevin bond no question can be tried
which could and ought to have been tried and determined in the replevin
suit, and therefore, where plaintiff did not appear when case was called for
trial, defendant was entitled to a jury and trial to prove ownership and
damages.

(*March* 25, 1919.)

BOYCE and CONRAD, J. J., sitting.

*Robert Adair* for plaintiff, who was granted leave to withdraw
from the case.

*David J. Reinhardt* for defendants.

Superior Court for New Castle County, March Term, 1919.

REPLEVIN No. 55, September Term, 1918.

Action by John H. Clark against Wilmington Trust Company,
Lucius C. Jones, county constable, and the Diamond State Ware-
house Company. Verdict for defendants.

This was an action of replevin brought by the plaintiff against
the defendants for the recovery of the possession of certain house-
hold goods and chattels seized and taken under execution by
Lucius C. Jones, constable, issued on a judgment obtained by the
Wilmington Trust Company against the plaintiff, for the sum of
one hundred dollars besides cost of suit. After the seizure of the
goods, the constable stored them with the Diamond State Ware-
house Company, and incurred expenses for storage in the sum of
twenty-eight dollars. The goods were thereafter delivered to the
plaintiff by the sheriff under the writ of replevin, the defendants'
not giving property bond.

The case coming on for trial, the plaintiff was called, and
not answering, counsel for the defendants stated to the court that
he would not ask for a nonsuit, as the defendants' remedy would
now probably be on the replevin bond for failure of the plaintiff
to prosecute his suit, and requested that he might have a jury and
proceed with the trial for the purpose of proving the ownership

and value of the property replevied and defendants' damages which he claimed amounted to one hundred and thirty-eight dollars and two cents.

BOYCE, J:—Your suggestion is a very proper one. Ordinarily in an action upon a replevin bond no question can be tried which could and ought to have been tried and determined in the replevin suit. *Harmon v. Collins*, 2 *Pennewill* 36, 45 *Atl.* 541. Let a jury be drawn.

Testimony for the defendants was submitted to the jury and they found for the defendants for one hundred and thirty-eight dollars and two cents.