In the Matter of the Estate of GEORGE E. HITCHENS, deceased.

*Sussex, March* 31, 1920.

If decedent's deed had been recorded within three months after sealing and delivery, as required by Revised Code 1915, § 3219, the land could not be sold for payment of judgments against decedent not constituting a lien on the land at the time of his death, even though revived by *scire facias* or otherwise; a revival of lien not relating back, so as to affect the land as to grantee, under section 4296.

Deed not recorded within required time *held* good as against judgment entered prior to execution of deed, not constituting a lien on the land; the judgment creditor not being "a subsequent fair creditor," within Revised Code, 1915, § 3218, making such deed void as against a subsequent fair creditor, such creditor being one who has given grantor credit after grantor's conveyance of land.

Where judgment against grantor bore interest from date it was entered which was subsequent to the conveyance, it may be assumed that judgment creditor gave grantor credit after the conveyance, and after the expiration of the three months from the sealing and delivery of the deed, and that he, was therefore a "subsequent fair creditor," within Revised Code 1915, § 3218 making a deed not recorded within three months after sealing and delivery void as against a "subsequent fair creditor."

Where sale of land to pay decedent's debts was objected to by decedent's grantee under deed which was not recorded within three months from sealing and delivery, the Orphans' Court could determine the rights of the parties; such course being within the equity powers of the court, and inherent in it as an incident to the proper exercise of the jurisdiction of estates of insolvent decedents.

Grantee who has failed to record deed within three months from sealing and delivery, as required by Revised Code 1915, § 3219, to uphold validity of deed as against a subsequent fair creditor for a valuable consideration, has burden of alleging and showing that subsequent creditor had notice of deed at time of extending credit.

The Court must not interpolate words into a statute, and so change the effect of unambiguous words.

A judgment creditor, who at the time of giving credit did not have notice that the debtor had theretofore conveyed his land by a deed not then or thereafter recorded within three months from the making thereof, as required by Revised Code 1915, § 3219, may collect his debt from the land so conveyed, even though his judgment is no longer a lien on the land.

If one gives credit, and at the time does not have notice that his debtor has theretofore conveyed his land, and a deed for the land is not recorded

within three months of the making thereof, as required by Revised Code 1915, § 3219, making a deed not so recorded void as to "subsequent fair creditor," the creditor may, by legal proceedings against the grantor, seize the land so conveyed notwithstanding the deed; the term "subsequent fair creditor" having reference to any creditor, and not merely lien creditors.

Where deed was not recorded within three months from making thereof, under Revised Code 1915, § 3219, grantor's judgment creditor, who extended, credit and whose judgment was entered subsequent to making of conveyance but whose judgment lien has expired, was entitled to have land sold for payment of judgment debt on death of grantor, under section 3218, making such deed void as against a "subsequent fair creditor," notwithstanding that he did not pursue grantor by execution, or that he allowed his lien to expire.

PETITION TO SELL LAND TO PAY DEBTS. An order for the sale of lands of George E. Hitchens, deceased, for payment of his debts having been made, his son, George E. Hitchens, Jr., by answer set up a deed made to him in 1903 for three and one-half acres, part of the land to be sold, and asked that that part be not sold. The other facts appear in the opinion of the Chancellor, who heard the cause in the absence of the Resident Judge.

CURTIS, P. J., sitting.

*James M. Tunnell*, for the administrator of George E. Hitchens, deceased. Argued as follows:—

The words "fair creditor" are unambiguous and do not mean either "judgment creditor" or "judgment lien creditor." The purpose was to afford protection to those who extend credit to the apparent owner of the land. As the Orphans' Court can order land of a decedent sold to pay all his debts, the question whether a creditor has a judgment, or a judgment lien on the land, does not arise in the Orphans' Court. When the creditor presents himself in the proper court he may then under the recording statute go back to the origin of his debt and show, if he can, that when the debt was contracted the deed with which he is confronted existed and was kept secret by being withheld from the proper office. The recording act fixes the right of those who deal with the owner of the record title, and give credit on the strength of such title. A deed not recorded within three months is not merely void until it is recorded, but void for all time as to subsequent fair creditors without notice, otherwise the statute would give no protection.

Argument:—Opinion.

The following cases were cited: *Reed v. Austin's Heirs*, 9 *Mo.* 722, 45 *Am. Dec.* 336; *King v. Fraser*, 23 *S. C.* 543.

*Daniel J. Layton*, for George E. Hitchens, Jr., the grantee of the three and one-half acres, argued as follows: That the recording statute protects lien creditors only, and cited in support the following decisions: *Martin v. Dryden*, 1 *Gilman*, 187 (6 *Ill.* 187); *Loughbridge v. Bowland*, 52 *Miss.* 546; *Bowen v. Lansing, etc.*, 91 *Tex.* 385, 43 *S. W.* 872; *Eason v. Garrison*, 36 *Tex. Civ. App.* 574, 82 *S. W.* 800; *Button v. Rathbone*, 126 *N. Y.* 187, 27 *N. E.* 266; *Farmers', etc., Bank v. Anthony*, 39 *Neb.* 343, 57 *N. W.* 1029; *Reiss v. Argubright*, 3 *Neb. Unoff.* 756, 92 *N. W.* 988; *Youngberg v. Walsh*, 73 *Kan.* 220, 83 *Pac.* 975; *Holt v. Crucible Steel Co.*, 224 *U. S.* 262, 32 *Sup. Ct.* 414, 56 *L. Ed.* 756; *Nauman Co. v. Bradshaw*, 193 *Fed.* 350, 113 *C. C. A.* 274; *Milton v. Boyd*, 49 *N. J. Eq.* 142, 22 *Atl.* 1082.

Therefore the Orphans' Court could not sell land of the grantee of the three and one-half acres to pay judgments which were not liens. After the expiration of the liens the grantee could have alienated the land freed of liability on the judgments, and the death of the grantor gave the judgment creditors no further or greater rights. The grantee omitted at his peril to record his deed, and the creditors omitted at their peril to preserve their liens, and both having been guilty of laches, the former will be penalized in favor of the latter.

CURTIS, P. J. The case is one where George E. Hitchens, owning a farm, conveyed three and one-half acres, part thereof, to his son George E. Hitchens, Jr., in 1903 by deed not recorded until 1919, which was after the death of the grantor. At the death of the grantor there were two unsatisfied judgments in the Superior Court against him for the payment of money, one in favor of Frederick T. Warrington entered April 2, 1894, payable January 1, 1895, and the other in favor of Benjamin F. Gray entered December 7, 1907, payable on the same day. By virtue of the Statute more than ten years having passed since the judgments became payable and no proceeding to extend the lien thereof having been taken, neither of the judgments was a lien on land of George E. Hitchens after December 8, 1917.

The grantor having died on June 14, 1917, intestate, letters

of administration were granted to Benjamin F. Gray, and application was made by him to the Orphans' Court for the sale of all of the land of the deceased for the payment of his debts, his personal estate being insufficient for the purpose. In the account submitted by the administrator with his petition the above mentioned judgments and others were set out as debts due from the decedent. At the hearing of the petition of the administrator George E. Hitchens, Jr., the grantee of part of the farm and one of the heirs at law of the decedent, filed an answer alleging the conveyance to him of the three and one-half acres and asking that the land so conveyed to him be not sold. Thereupon on December 2, 1919, the Court made an order for the sale of the farm excluding the three and one-half acres, and that that tract be not sold if the proceeds of the sale of the other land be sufficient to pay the debts of the decedent. By the return of the administrator it appears that it was necessary to sell all the land to pay the debts, and the Court confirmed the sale as to all but the three and one-half acre tract, and confirmation of the sale of it has been held under advisement pending a hearing as to whether it was subject to be sold. Briefs have been submitted by counsel for the administrator and judgment creditor, and for the grantee of the three and one-half acres of land. The administrator is the plaintiff in the second judgment.

Here, then, one owning land conveyed part of it in 1903 by deed not recorded until 1919. At the death of the grantor in 1917 there were two unsatisfied judgments against him, neither of which were liens on his land. Can the land conveyed by the deed be sold by order of the Orphans' Court for the payment of the two judgments? Or, stated otherwise, shall the deed avail against the two judgment creditors as "subsequent fair creditors" of the grantor in the deed?

Two statutes of the State are involved in the consideration of the questions here raised. By one statute after the lien of a judgment has expired and the judgment is thereafter revived it shall be a lien from the time of revival,

"but such lien shall not relate back, nor shall it in any manner affect any prior bona fide purchaser or mortgagee from or judgment creditor of such defendant. * * * " Revised Code of 1915, c. 132, § 15, par. 4296, p. 1935.

The other statute is one relating to recording of deeds. By it deeds may be recorded at any time. Revised Code of 1915, c. 92, § 23, par. 3219, p. 1490. By section 22 (paragraph 3218, p. 1489) it is provided thus:

  "If a deed concerning lands or tenements be not recorded in the proper office within three months after the day of the sealing and delivery thereof, said deed shall not avail against a subsequent fair creditor, mortgagee or purchaser for a valuable consideration unless it shall appear that such creditor when giving the credit, or such mortgagee or purchaser, when advancing the consideration, had notice of such deed."

The same language paraphrased in form is also contained in section 23.

The statute limiting the lien of judgments will be considered first. It was assumed in the briefs, and there is in the record of the cause nothing to the contrary, that the grantee was a bona fide purchaser from the judgment debtor. It also appears that neither of the two judgments are or were at the death of the defendant therein liens on his land, and that a lien on the land conveyed cannot now be acquired on either of the judgments. If revived by *scire facias*, or otherwise, the lien would not relate back so as to affect the land, for the grantee was a bona fide purchaser from the defendant in the judgments. It follows by the decision of the Supreme Court in the case of *Cohen v. Tuff*, 4 *Boyce*, 188, 86 *Atl.* 833, *Ann. Cas.* 1917C, 596, that if the deed had been recorded within three months the Orphans' Court could not order the land which had been so conveyed sold for payment of the two judgments. In the case cited several judgment liens expired in June, 1901, and in July, 1901, land theretofore subject to the lien of that judgment was conveyed to a bona fide purchaser by the devisee of the judgment debtor. A contract for the sale of the land having been made and the purchaser having declined to take the title because of the unsatisfied judgments, the facts were submitted to the Superior Court on a case stated, and its judgment reviewed in the appellate court. It was held that the land in the hands of the bona fide purchaser could not be reached by proceedings directly on the judgments by *scire facias*, or otherwise, and that "for the same reason it cannot be

reached in the Orphans' Court by an order to sell lands to pay the debts of the same judgments."

It was concluded, therefore, that the purchaser should perform the contract because the holder of the judgments could not in any legal proceeding reach the land in question. The statement as to the powers of the Orphans' Court was pertinent and vital to the result attained by the decision, and was not in any sense obiter, or mentioned as an illustration, for it was discussed by the Court whether a sale through the Orphans' Court was a possible danger to the prospective purchaser. It should be noted that the lien had expired when the conveyance was made by the judgment debtor, and that is made clear in the opinion. But it was not indicated there that the result would have been different if the conveyance had been made before the lien had expired, and there is no reason to make a different rule in such case. The case of *Raymond v. Farrell*, 5 *Boyce*, 394, 93 *Atl.* 905, does not apply, for there the only question raised was whether the grantee of the judgment debtor was a bona fide purchaser within the meaning of the same statute. There are no other decisions in this State as to this statute.

If, therefore, the deed had been recorded within three months, the land so conveyed could not have been sold by order of the Orphans' Court to pay judgment debts of the grantor, the lien of which had expired. Inasmuch, however, as the deed was not so recorded, it seems to be necessary to consider whether the other statute applies, and if so what effect it had on the rights of the parties.

The next question is whether the two statutes above referred to can and should be construed together and the exception stated in the recording statute read into the lien statute with the following result: A judgment creditor after his lien has expired cannot reach land which the judgment debtor has conveyed to a bona fide purchaser, if the purchaser has recorded his deed within three months after the sealing and delivery thereof; but if it be not so recorded, and the creditor gave credit to the grantor subsequent to the conveyance, and at the time of giving the credit had no notice of the conveyance, then the conveyance by the debtor shall not avail against such creditor, meaning thereby that the creditor

by some judicial proceeding not otherwise open to him could reach land of his debtor so conveyed. There can be no doubt that the two statutes may and should be so construed together, or rather, that the effect of the recording statute must be considered either with, or independent of the lien statute. The recording statute is, therefore, applicable, and its effect must be determined.

The question arising under the recording statute is this: Shall the Orphans' Court say that the deed shall not avail against the two judgment creditors, because it was not recorded within three months after the date thereof? It was necessarily assumed by counsel that the deed was sealed and delivered on the day it was dated and acknowledged, and, therefore, it was not recorded "within three months after the day of the sealing and delivery thereof." The plaintiff in each of the judgments is a creditor of the grantor, and for aught that appears a "fair creditor," for, of course, the statute refers to fair creditors of the grantor in the unrecorded deed. Obviously, also, the word "subsequent" refers to such creditors of the grantor as give credit to him after he has made a conveyance of his land, or part of it. In this case it is not important whether the statute means subsequent to the making of the conveyance, to the sealing and delivery of the deed, or to the expiration of three months after the sealing and delivery thereof, if these be in any case material. It appears clearly that the creditor in one of the judgments, viz. that of Warrington, necessarily gave credit to the grantor before the conveyance, his judgment having been entered in 1894, which was before the deed was made. Therefore the deed avails against Warrington's judgment, and the land conveyed thereby cannot be sold to pay the debt due from the grantor to Warrington.

It does not appear directly from the record, or by any statements of counsel, that credit was given by the plaintiff in the other judgment, Gray, to the grantor subsequent to the conveyance. The judgment bore interest from the date it was entered, which was subsequent to the conveyance. It may be assumed, then, that Gray gave credit to the grantor after the conveyance, and after the expiration of three months from the sealing and delivery of the deed to him, and, therefore, that Gray was a "subsequent fair creditor" of the grantor.

An important preliminary question is as to the jurisdiction of the Orphans' Court, and as to the procedure therein. One question of fact must be determined in this and every other case under this statute, viz. whether the creditor when giving credit had notice of the deed which had been made by the debtor, for the statute bases the rights of such creditor on the absence of such notice, and fixes rights as of the time of giving the credit. Here the record does not show the facts as to such notice, and there is no agreement of counsel on the point. In his answer the grantee in the unrecorded deed, who happened to be one of the parties to the cause as an heir at law of the decedent, does not assert that the creditor of his grantor had at the time of giving the credit notice of such deed. If the burden to allege and prove the fact of such notice is on such grantee in the unrecorded deed, then the way is clear for this Court in this case to adjudicate between the judgment creditor of the decedent and the grantee of such decedent. On the other hand, if the question of fact as to such notice is raised in the Orphans' Court, it ought to be decided there before making an order of sale, or at least before confirming a sale, otherwise the purchaser at such sale would be buying an uncertain title and injury might be done to the estate of the decedent if a sale were made of a doubtful title before the doubt has been settled.

The Superior Court met a like difficulty in the case of *Short v. Short*, 2 *Pennewill*, 62, 45 *Atl.* 541 (1899). There a deed was not recorded within three months and a judgment having been entered within three months against the grantor, the land was sold on execution on the judgment. The grantee asked the Superior Court to set aside the sale, alleging that the plaintiff in the judgment had notice of the deed. After hearing testimony which was conflicting, the Court confirmed the sale, leaving the purchaser from the sheriff to assert his title and right of possession "in some more appropriate proceeding than this," and expressly declining to express an opinion as to the validity of the lien of the judgment, or as to whether the purchaser at the sheriff's sale took any title to the land. The Court evidently meant that as the grantee was in possession, the purchaser at the sheriff's sale could bring ejectment, and so raise there the question of notice.

But I do not agree that the course of the Superior Court would have been just or fair to the purchaser at the sale if he had been a stranger and had bid in good faith for a title unaffected by the claim of the grantee under the unrecorded deed.

In the Orphans' Court, in a case like the one pending, an issue could be raised before the sale as to the rights of the parties, the grantor's estate, the grantee and the creditor of the grantor. This course would seem clearly to be within the equity powers of the Court and inherent in it as an incident to the proper exercise of the jurisdiction over estates of insolvent decedents. Probably the Court of Chancery could more directly and completely adjudicate these conflicting interests in a proceeding to which all persons interested should be parties.

However, the difficulty as to procedure disappears if the burden of alleging and showing notice is on the grantee of the unrecorded deed. In view of the wording and purpose of the statute the burden is on such grantee, for he is the one in default in not complying with the statute which contemplates that deeds be recorded within three months, and provides that a deed not so recorded shall not avail the grantee as against a subsequent fair creditor unless the grantee makes it appear that the creditor had notice of the deed. That is a reasonable conclusion in view of the purpose as well as the language of the act. It is to be assumed, therefore, in this case that the judgment creditor, Gray, at the time of giving credit to his debtor did not have notice of the deed of the debtor for the three and one-half acre tract.

The question, then, is whether land can be sold to pay the debt of one who conveyed the land by a deed not recorded within three months, the creditor of the grantor being a subsequent fair creditor of the grantor, who had no notice of the deed at the time of giving the credit, and has a judgment for his debt, but no lien on the land. This involves the specific question whether the word "creditor" means "lien creditor," or is to be given its natural, ordinary meaning.

The argument for construing the word "creditor" as meaning "lien creditor" is based purely on expediency, convenience and such like considerations. It is considered that greater mischief will be done by enforcing literally the words of the statute than by

interpolating the qualifying word, for if all to whom the grantor of the unrecorded deed is indebted may reach the land so conveyed, slumbering creditors unknown and undiscoverable may overreach the purchaser. Therefore, it is said only those creditors are protected who by diligence are in a legal position to seize the property. Authorities were cited to support this view, and they have been examined.

Almost all of the cases cited by the counsel for the grantee in the unrecorded deed were decisions in states where a grantee is not given protection against creditors of the grantor in case the deed be recorded within a fixed time. Under such statutes the position of a grantee as against creditors of the grantor is precarious, and so the courts in these states seemed driven to legislate by decision to give relief by qualifying the word "creditor" to mean "lien creditor." This is true of cases from Illinois, Kentucky, Mississippi, Texas and Nebraska. Indeed, in *Martin v. Dryden*, 1 *Gilman* (*Ill.*) 187, the tyranny of the statute was mentioned as an excuse for the interpolation of the qualifying word.

The answer to all such arguments in favor of the grantee is that the grantee can protect himself by diligence in recording his deed. Furthermore, a Court must not interpolate words into a statute and so change the effect of unambiguous words. Courts do not always resist the temptation to judicial legislation when needed; but there is no justification for that here, for it is not needed. The purpose of the statute is that those who give commercial credit based on the apparent ownership of property shall be protected against secret conveyances of their debtor's land, the grantee being given ample protection against such creditors if he gives publicity to his deed within the designated time, and even after that time he is also protected as to such creditors of his grantor as knew of the conveyance at the time of giving the credit. In *Dempsey v. Pforzheimer*, 86 *Mich.* 652, 40 *N. W.* 465, 13 *L. R. A.* 388, the word "creditor" in a similar connection was given its ordinary meaning, and not the qualified one contended for.

It follows that a judgment creditor, who at the time of giving credit did not have notice that the debtor had theretofore conveyed his land by a deed not then or thereafter recorded within

three months from the making thereof, may collect his debt from the land so conveyed, even though his judgment is no longer a lien on the land. The rule may be more broadly stated thus: If one gives credit and at the time does not have notice that his debtor has theretofore conveyed his land, and a deed for the land be not recorded within three months of the making thereof, the creditor may by legal proceedings against the grantor, seize the land so conveyed notwithstanding the deed.

If, then, the unrecorded deed does not avail against the creditor Gray, there is no other reason against his right to be paid his debt out of the land of the decedent. He secured a judgment in a court of record for his debt, and formerly had a lien on land of his debtor. The grantee of the land cannot have gained any rights as such against his grantor's creditor, either because he did not pursue his debtor by execution on his judgment, or because he allowed his lien to expire. In the report of the master in *King v. Fraser*, 23 *S. C.* 543, this point was emphasized by the Court. There may, however, be cases where a creditor of the grantor in an unrecorded deed would lose the benefit of the statute in case he sleep on his rights unreasonably.

The conclusion, therefore, is that the three and one-half acres tract was subject to be sold to pay the judgment of Gray against Hitchens, notwithstanding the deed made by Hitchens, and the sale thereof should be confirmed.