**LONGWOOD HOMES, INC., a Delaware Corporation, Plaintiff,**

v.

**NEW CASTLE COUNTY, Defendant.**

Superior Court of Delaware, New Castle.

Argued Sept. 9, 1975.

Decided Oct. 1, 1975.

Revised Dec. 23, 1975.

---

Richard H. May, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Joseph M. Bernstein, of the New Castle County Law Dept., Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

Plaintiff, Longwood Homes, Inc. (hereinafter "Longwood"), seeks a declaratory judgment construing a paragraph of a sewer agreement Longwood and New Castle County (hereinafter "County") dated May 18, 1965. The agreement culminated negotiations between the parties regarding the extending of the County sewer system to provide sewer service to a proposed trailer park development on land owned by Longwood.

The provision in dispute sets forth the consideration agreed upon by the parties in connection with the extension of the sewer system as follows:

"In consideration of the construction of the South Christiana interceptor sewer by the Levy Court, the Developer and his successors and assigns shall pay annually the Levy Court minimum sewer service charges beginning January 1, 1966, on not less than 200 trailers provided the Levy Court is able to obtain a Federal Grant on such construction, and on not less than 240 trailers if no such grant shall be obtained. The aforesaid minimum shall remain in effect for the years 1966 to and including 1975 unless prior to 1975 the total annual minimum sewer service charges on the section of South Christiana interceptor to be built under this agreement shall exceed 500, at which time the said minimum shall no longer be in effect and the annual sewer service charges shall be based upon actual trailer courts as provided in the County Sewer Regulations. Excess water charges shall be based upon the number of minimum charges paid."

At the time the agreement was executed, the minimum sewer service charge in New Castle County was $15 per year. In the interim the generally applicable minimum charge has been increased several times, and now stands at $45 per year.

Longwood asserts that the "minimum sewer service charge" referred to in the agreement is the $15 charge which was in effect at the time the agreement was executed. Longwood argues that the $15 per month rate, to be paid on the 240 trailers during the life of the agreement, no federal grant having been obtained, represents the sewer service charge for which it contracted. Thus, Longwood contends that its obligation is limited to $3,600 per year for the ten-year period of the agreement.

On the other hand, the County contends that the "minimum sewer service charge" refers to a class of charge, and not the particular charge in effect at time of the agreement. The County argues that the "charge" is subject to revision within the scope of the County Council's legislative powers. As noted above, the generally applicable minimum sewer service charge has been increased several times since 1965. In view of this, the County urges that Longwood is responsible for the minimum sewer service charge as periodically set by the County Council and denies that the original $15 rate was frozen for the entire ten year life of the agreement. The County fixes Longwood's unpaid charges at a substantially larger sum than is contended by Longwood.

Each party has moved for summary judgment asserting that the language of the agreement is unambiguous, supports their respective positions and should be enforced according to its terms.

◼ This Court finds no ambiguity in the pertinent language. The agreement does not provide that Longwood is liable for

charges of only $15 per year on each of the 240 trailers. The contract clearly states that Longwood is obligated to "pay annually the Levy Court minimum sewer service charges" beginning January 1, 1966, on "not less than 240 trailers."

John I. Cahalan, Assistant County Engineer in 1965 and draftsman of the agreement, responded to the question of what was meant by "minimum sewer service charges" in paragraph 10 stating:

". . . [T]hat provided for this $15 charge indicated in this regulation or any other changed minimum of that nature, from time to time, which is why there is 'charges,' rather than a single figure."

Longwood, on the other hand, filed an affidavit of its president, who had negotiated the contract, and he testified that the County was simply seeking a guaranteed annual payment to cover the interest on construction bonds issued to cover the cost of the project. I find that this may explain the original fee, but it does not guarantee that the County will never increase the minimum rate in a ten-year period.

I construe "minimum sewer service charges" to refer to a class of charge and not to the specific figure which happened to constitute the minimum at the time of the agreement.

■ Further, Longwood, a construction company dealing with real property, is deemed to have been aware of statutes relating to the County's exercise of its police power with regard to the construction and service of sewers. *Tucker v. Crawford*, Del.Super., 315 A.2d 737, 740 (1974); 7 McQuillin, *Municipal Corporations*, § 24.-505. Such a statute was 9 Del.C. § 2208(a) (1953 edition) which provided in pertinent part:

". . . [T]he Levy Court . . . shall revise such service charges from time to time whenever necessary." [The County Council has since replaced the Levy Court as the governing body of the County.]

Under circumstances such as those here present, laws in force at the time and place of making a contract form a part of the contract as if they had been expressly referred to or incorporated therein. *Trader v. Jester*, Del.Super., 1 Terry 66, 1 A.2d 609, 613 (1938). Thus, 9 Del.C. § 2208(a) must be read as a part of the agreement between the parties.

■ Longwood suggests that 9 Del.C. § 2202(3) (1953 edition) [1] should govern this agreement and that, under that statute, the County could not have increased its charges. That construction of the statute is of doubtful merit, but in any event, the statute is clearly inapplicable since Longwood is not an "industrial establishment."

On the basis of the foregoing, summary judgment is granted in favor of defendant, New Castle County, and against plaintiff, Longwood Homes, Inc., in the amount of $57,535.92 [2] plus interest.

It is so ordered.

1. "2202. Powers of County"
   In addition to the other powers which it has, the County may, under this chapter:
   *     *     *     *     *
   "(3) Enter into and perform contracts, whether long term or short term, with any industrial establishment for the provision and operation by the County of the sewerage system to abate or reduce the pollution of waters caused by discharges of industrial wastes by such industrial establishment and the payment periodically by the industrial establishment to the County of amounts at least sufficient, in the judgment of the Levy Court, to compensate the County for the cost of providing (including payment of principal and interest charges, if any), and of operating and maintaining, the sewerage system or part thereof serving industrial establishment;"

2. The exact amount of the judgment was agreed upon by stipulation of the parties dated October 21, 1975, and approved by this Court.