JOSEPH JACOBS, Administrator of Mary Agnes Jacobs, deceased, *v.* METROPOLITAN LIFE INSURANCE CO., a corporation of the State of New York.

RODNEY and SPEAKMAN, J. J., sitting.

*George W. Lilly* for plaintiff.

*David F. Anderson* (of Ward and Gray) for defendant.

Superior Court for New Castle County, No. 115, March Term, 1937.

RODNEY, J., delivering the opinion of the Court:

It may readily be conceded that where, from other language of a particular act of legislation, it can be definitely ascertained that an omission of a word or words was not the intention of the Legislature, but was clearly a clerical error, the word or words necessary to carry out the will

and plain intent of the Legislature will be supplied. Such was the holding of *Winter v. Hindin,* 3 *W. W. Harr.* (33 *Del.*) 294, 136 *A.* 280. The intent of the Legislature, however, must be plainly deducible from the remaining parts of the statute. *Lewis Sutherland's Statutory Construction, Sec.* 260, *page* 341. Where a statute is unambiguous it was held that a Court should not make an interpolation *(Petition of Gray,* 12 *Del. Ch.* 417, 109 *A.* 574). Words will not be added except to conform to the obvious intent of the Legislature and cannot be added when the words may have been purposely omitted from the statute.

A number of states require that an application for insurance shall be in writing and a copy of the application furnished to the insured. Fulfillment of this requirement has been compelled in various ways.

It is conceivable, as argued by the defendant, that the legislative intent was that the application should be furnished with the policy so that the entire contract would be apparent and, if the application was not furnished no defense could be made for anything concerning the application, *not* appearing in the policy.

It is conceivable, however, that the Legislature considered that the presence of the word "not" in the statute rendered practically nugatory the provision *requiring* the furnishing of a copy of the application. With the statute thus appearing it would only be necessary for any Insurance Company to conceal in the maze of fine print in the policy all the limitations of the application since the only defenses denied to the company are those "not contained in the policy".

With the word "not" omitted it becomes absolutely necessary for the company to give the insured a copy of the application, together with the important features of the answers of the applicant to the questions as put down by

the agent of the company. In no other apparent way do these important matters come into the possession or knowledge of the insured. The company, with no copy of the application having been furnished to the insured, by the statute is denied a defense for anything appearing in the policy.

We are unable to say, beyond any peradventure of doubt, that the omission of the word "not" was a mere clerical error or whether, on the other hand, it was not omitted in furtherance of the legislative will.

The omission of the word "not" changes the matters as to which the defendant may interpose a defense but, with the word omitted, the Statute is intelligible and unambiguous just as it was intelligible and unambiguous when the word was included. The word was omitted in the legislative session of 1931. Since then the Legislature has met in 1933, 1935 and 1937 and the word has not been reinstated.

· It is alleged by the plaintiff, and not denied, that in the legislative session of 1937 a bill calculated to restore the word "not" to the statute was introduced and defeated. This, of course, would appear by the journals of the Houses of the Legislature, of which (as to those provisions required by the Constitution to be shown), this Court takes judicial knowledge. *Rash v. Allen,* 1 *Boyce* 444, at 462, 76 *A.,* at 370 & 385.

Because no copy of the application was "delivered with, incorporated in or attached to the policy" we are of opinion that, under the statute, the offered testimony must be rejected and verdict must be given for the plaintiff.