MARGARET M. TRADER, P. B. A., *v.* CHARLES T. JESTER, Constable, Bailiff of Benjamin Ableman, D. B. R.

(*August* 12, 1938.)

LAYTON C. J., and SPEAKMAN, J., sitting.

*Howard W. Bramhall* for plaintiff.

*Robert G. Houston* for defendant.

Superior Court for Sussex County. *Replevin, No.* 39, June Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The first contention of the defendant is that *Section* 2, *Chapter* 245, *Volume* 40, *Delaware Laws,* (*Sec.* 4989, *Rev. Code* 1935)· was not intended to apply to Kent and Sussex Counties. The argument is that the enactment was intended to amend *Section* 2, *Chapter* 271, *Volume* 36, *Delaware Laws* (*Sec.* 4535 *Rev. Code* 1915) by extending the proviso of that section to the County of New Castle, and that through unintentional error the entire proviso was omitted. The error is made manifest, it is said, by reference to the headnote of the section as it appears in *Volume* 40, and by the contradictory language of the several sections of the chapter.

By *Section* 4533 of the *Revision* of 1915, a demise was construed to be for one year where no term· was expressly limited, except of houses and lots usually let for a less time. As amended by *Section* 1, *Chapter* 271, *Volume* 36, *Dela-*

*ware Laws,* the exception was extended to properties located in the City of Wilmington; and by *Section* 1, *Chapter* 245, *Volume* 40, *Delaware Laws,* the exception was further extended to properties located in New Castle County, leaving the original section in force in the counties of Kent and Sussex.

*Section* 4535 of the *Revision* of 1915 was concerned with demises of certain terms of one or more years. It provided that in default of three months notice in writing to remove or of intention to remove the term was extended for another year. By the second section of *Chapter* 271, *Volume* 36, *Delaware Laws,* the code section was amended by the insertion of a proviso applicable only to demises of property in the City of Wilmington, with respect to which properties, the failure to give notice placed the tenancy, at the end of the stipulated term, on a month to month basis.

The section was further amended by *Section* 2, *Chapter* 245, *Volume* 40, *Delaware Laws.* The headnotes to this section would indicate that in default of notice to quit the term was extended for another year, with a proviso concerning certain properties in New Castle County. The section provides, however, that in case of default of notice of three months to remove or of intention to remove, the term was not extended for one year, but at the end of the term, the tenancy was put on a month to month basis, except with respect to leases of farm lands used by the tenants for the purpose of "maintaining a livelihood from said lands".

By *Section* 3, *Chapter* 271, *Volume* 36, *Delaware Laws, Section* 4536 of the *Code* of 1915 was amended in such manner as to make all leases and demises of real estate in the City of Wilmington to be by the month where no term was expressly limited, one month's notice being sufficient to terminate the tenancy. This section was amended by

*Section* 3, *Chapter* 245, *Volume* 40, *Delaware Laws* by extending its provisions to New Castle County except with respect to certain farm lands used by tenants for the purpose of maintaining a livelihood therefrom.

As a result of these amendments, the statutory law is this: generally in the State, except in the County of New Castle, where no term is expressly limited, a demise is deemed to be for a year except of houses and lots usually let for a less time. In New Castle County, however, such demises are deemed to be by the month, except, of course, of houses and lots usually let for a less time, and except of farm lands which are used by the tenants for the purpose of maintaining a livelihood therefrom. With respect to such farm lands in the County, where no term is expressly limited, a demise is deemed to be for a year.

Generally in the State, except with respect to farm lands which are used by the tenants for the purpose of maintaining a livelihood, if there be a demise for a certain term of one or more years, unless the lease otherwise provides, default in giving the required three months notice in writing before the end of the term to remove or of intention to remove, extends the lease and at the end of the term, it is one by the month. With respect to demises of such farm lands, the failure to give the required notice results in extending the term for another year.

The headnotes to *Section* 4535, as they appear in the second section of *Chapter* 245, *Volume* 40, are inaccurate and misleading, and on this fact the contention of unintentional omission chiefly is based.

In *Winter v. Hindin,* 3 *W. W. Harr.* (33 *Del.*) 294, 136 *A.* 280, this Court supplied the words omitted through error. There it appeared that *Section* 4556 of the *Code* of 1915, relative to property distrainable for rent, had been amended by *Chapter* 233, *Volume* 34, *Delaware Laws.* The

purpose of the amendment was to except from distress goods held under contract of conditional sale. In accordance with the code provisions, the entire section was repealed and a new section substituted. Certain words were omitted from the substituted section, the effect being to render liable to distress only the produce of the tenants raised upon the demised premises, and the goods of a stranger being upon the premises solely by way of trade, which goods theretofore had been exempt from distress for rent. The Court was of the opinion that the omission occurred through careless copying and supervision and supplied them, as the failure so to do would overturn an ancient public policy.

In *Jacobs v. Metropolitan Life Insurance Company,* 1 *Terry* (40 *Del.*) 48, 1 *A.* 2*d* 601, recently affirmed by the Supreme Court, this Court refused to supply an alleged omission. There it appeared that *Section* 509 of the *Code* of 1915 provided that in default of delivery to the insured, incorporating in the policy, or attaching thereto, a copy of the application, no defense was permitted on account of anything contained in or omitted from the application and *not* contained in the policy. By a revision of the insurance laws, the word "not" was omitted. The Court held that an omission of words will be supplied only where, to carry out the intent of the Legislature, the intent is plainly deducible from the remaining parts of the statute, and that where a statute is not ambiguous, the Court ought not to make an interpolation, citing *Winter v. Hindin, supra,* and *Petition of Gray,* 12 *Del. Ch.* 417, 109 *A.* 574.

Courts proceed with great caution in supplying alleged omissions, and they will supply them only where the intent to have the statute so read is plainly verifiable from the other parts of the statute, as for example, where the ordinary interpretation would lead to consequences so mischievous and absurd that it is clear that the Legislature could

not have so intended. 25 *R. C. L.* 978; 59 *C. J.* 974; *Sutherland Stat. Cons.*, *Sec.* 260; *Hutchinson v. Commercial Bank,* 91 *Va.* 68, 20 *S. E.* 950.

The consequences of the law as it now exists lead me to no absurdity, nor are they mischievous. There is no ambiguity in the body of the section of the Act. The language is clear; its meaning sensible. In such case there is no room for construction. *Van Winkle v. State, 4 Boyce* 578, 91 *A.* 385; *State v. Foote,* 5 *W. W. Harr.* (35 *Del.*) 514, 168 A. 245; *duPont v. duPont,* 7 *W. W. Harr.* (37 *Del.*) 7, 179 *A.* 500.

Whatever ambiguity there may be grows out of the language of the headnotes to the section. They might indicate that, at sometime during the progress of the bill through the houses of the Legislature, there was in the body of the section a provision extending the term for another year in case of default in giving notice, and a proviso with respect to New Castle County similar in terms to that contained in the amended section (*Sec.* 2, *Ch.* 271, *Vol.* 36) relating to the City of Wilmington. Whether these provisions were omitted through mistake and error, or whether intentionally, and through error the headnotes were left unchanged, is pure speculation. Certainly, from all that appears, the one is as likely as the other. It is only where the meaning of the provisions in the body of the act is doubtful that resort may be had to the title. 25 *R. C. L.* 1032; note to *People v. McCann,* 69 *Am. Dec.* 650; *Caminetti v. U. S.,* 242 *U. S.* 470; 37 *S. Ct.* 192; *Pumpelly v. Village of Oswego,* 45 *How. Pr.* 244. A headnote is, in no proper sense, a title. In some sense it is an index. Plainly, where the language of the Act itself is clear and unambiguous, resort may not be had to a headnote to a section to create an ambiguity, and thereby to furnish a reason for supplying an alleged omission.

It appears from the avowry that the demise was of a storehouse in Sussex County and for a certain term. The statute, *Section* 4989, *Revised Code,* 1935, applies to such demises in Kent and Sussex Counties, and were the non-applicability of the statute the only ground of demurrer, it would have to be sustained.

But, it is also urged that the statute has no application to the demise in question, it having been made prior to its enactment.

At the common law, where there was a lease for a certain period, the term determined without notice. In uncertain tenancies, a reasonable notice was required, and from the time of Henry VIII it was six months. By custom, perhaps, the same notice was required in tenancies from year to year. See *Steffens v. Earl,* 40 *N. J. L.* 128. The original statute was enacted in 1829. The State, as a whole, was thinly settled. Communication was difficult. The people were poor, and of necessity compelled to depend largely upon themselves in arranging their simple matters of business. The Legislature, it may be supposed, having these considerations in mind, thought it wise for the general welfare of society, to establish by law the rights and obligations of parties with respect to leases of lands, where the parties themselves, through ignorance or inadvertance, had not expressly agreed. Therefore it was enacted, that any contract or consent pursuant to which a tenant shall enter into, or continue in, possession of lands under an agreement to pay rent, should constitute a demise, and where no term was expressly limited, the demise should be construed to be for a year, except of houses and lots usually let for a less time. In case of a demise for one or more years, a notice to quit of three months or upwards before the end of the term was required to terminate the tenancy, in default of which the lease was extended for

another year. At the time the present demise was made, these provisions of the law were in force in this County.

The rule is well established that the laws in force at the time and place of making the contract enter into, and form a part of it as if they had been expressly referred to, or incorporated in, its terms. The obligation of the contract is measured by the standard of the laws existing at the time of the making of the contract. 12 *Am. Jr.* 14; *W. B. Worthen Co. v. Kavanaugh,* 295 *U. S.* 56, 55 *S. Ct.* 555.

At the time of the present demise, therefore, there being no express agreement otherwise, it must be conclusively presumed that the parties agreed that the usual notice to quit be given, in the absence of which, the lease should be extended for another year. That was their contract by the force of the law then existing.

The plaintiff contends that no vested interest is involved for the reason that the landlord's right to hold the tenant for another year depends upon a contingency, that is, the failure to give notice to quit at least three months before the end of the term; and accordingly, the amendment of the statute, extending the lease for one month only, and giving to it a present application, is not offensive to any constitutional safeguard. The analogy of a lessor's covenant to renew as conferring a privilege only is offered, for until the privilege is exercised the lessee cannot be held for an additional term.

The question, however, is whether the obligation of the contract will be impaired by giving to the *Amended Act* a retrospective operation. An intention to make an Act retrospective will not be inferred, and retrospective legislation is generally deemed to be dangerous and reprehensible. *Keller v. Wilson & Co.,......Del. Ch.......,* 190 *A.* 115. The Act is not made retroactive expressly, nor is there anything contained therein which, by necessary implica-

tion, compels a retroactive construction. Under the general rule that a statute, ordinarily, is to be given a prospective application, the conclusion should be that it was not intended to change or alter existing tenancies. Moreover, the obligation of a contract is impaired by a statute which alters its terms by imposing new conditions, or releases or lessens any part of the contract obligation, and the extent of the impairment is immaterial. 12 *Am. Jr.* 19, 20. The construction to be given to a statute is in favor of its validity, to avoid not only the conclusion that it is unconstitutional, but also grave doubts thereupon. 12 *C. J.* 788; *U. S. v. Jin Fuey Moy,* 241 *U. S.* 394, 36 *S. Ct.* 658. From these considerations, the conclusion must be that the amended statute operates prospectively, and that it was not intended to apply, nor does it apply, to tenancies such as the one presented, created before its enactment.

The demurrer to the plea is, therefore, overruled.