STATE OF DELAWARE V. GEORGE H. NIXON.

(*April* 24, 1946.)

SPEAKMAN and CAREY, J. J., sitting.

*Joseph H. Flanzer,* Deputy Attorney-General, for the State.

*W. Thomas Knowles* for the defendant.

Court of General Sessions for New Castle County.

CAREY, J., delivering the opinion of the Court:

On March 30, 1943, the defendant was found guilty of desertion and non-support of his wife, Anna Nixon, and was ordered to pay a certain sum periodically for her support. The defendant obtained a divorce decree in Florida on January 28, 1944. On May 25, 1945 he asked the Municipal Court to vacate the support order on the ground that he was no longer the husband of Anna Nixon and therefore was no longer guilty of non-support. This appeal results from the refusal of the Municipal Court to grant the prayer of his petition.

In an opinion filed October 29, 1945, we upheld the defendant's right to have this appeal considered by us. *State v. Nixon, (Del. Gen. Sess.)* 45 *A.* 2d 538. The parties stipulated that the matter should be decided by the Court without a jury and we have accordingly heard and considered the evidence.

The sole issue is the validity of the defendant's Florida divorce. The defendant contends that the Act of Legisla-

ture approved on April 30, 1945, being *Ch.* 225, *Vol.* 45, *Laws of Delaware*, p. 906, compels this Court to recognize as valid all divorces granted by Courts elsewhere in the United States. If that contention is correct, there would be no need, nor would we have the authority, to inquire into or determine the domiciliary status of the defendant; we could not go back of the Florida decree.

The statute involved reads as follows:

"Full faith and credit shall be given in all the Courts of this State to a decree of annulment of marriage or divorce by a court of competent jurisdiction in another State, territory, or possession of the United States. Nothing herein contained shall be construed to limit the power of any Court of this State to give such effect to a decree of annulment or divorce by a court of a foreign country as may be justified by the rules of international comity."

It is unnecessary in this case to determine the precise meaning or purpose of this Act. Admitting arguendo that the defendant is correct in averring that the statute is a declaration of a new public policy to consider all future foreign divorces valid regardless of domicil, it does not necessarily follow that it governs the defendant's case. His divorce was granted on January 28, 1944. The Act became law on April 30, 1945. It would have to be construed as retroactive in order to affect the status of this defendant. We are accordingly obliged to examine this point.

■■ There are no words in the Act expressly declaring it to be retroactive, and we can find nothing contained therein which would indicate any legislative intent to make it so. On the other hand, the presumption is to the contrary. "Retrospective operation is not favored by the Courts, and a law will not be construed as retroactive unless the Act clearly, by express language or necessary implication, in-

dicates that the legislature intended a retroactive application." 2 *Sutherland Statutory Construction* (3d Ed.) 115. *Keller v. Wilson & Co.*, 21 *Del.Ch.* 391, 190 *A.* 115.

While it is not necessary for us to decide the point in this case, it may be proper to express a doubt concerning the constitutional right of the Legislature to make this kind of act retroactive in its application. Conceding a given foreign divorce to have been invalid in this State under the former act, by the interpretation suggested by the defendant, a married couple would have become divorced simply because of the passage of the statute. It might be argued with some reason that this is equivalent to the granting of a divorce by the Legislature, which is expressly forbidden by the Delaware Constitution. Article II, Section 18. Furthermore, the passage of such a retroactive statute might conceivably have the effect of interfering with vested property rights.

In any event, even if we admit that the Legislature has the constitutional power to make such a law retroactive, we must conclude that the act now in question does not apply to divorces granted before the effective date thereof since it contains no language showing an intent to make it so, either expressly or by necessary implication. We purposely refrain from expressing any opinion concerning the meaning and intent of the act with respect to divorces granted after its effective date.

This case must therefore be decided according to the law in force prior to April 30, 1945, as interpreted in *Ainscow v. Alexander*, (*Del. Super.*) 39 *A.* 2d 54, 57. In that case the Court said:

"The essentials of domicil of choice are the fact of physical presence at a dwelling place, and the intention to make that place home. There must be a concurrence of

fact and intent. The intention must be that of permanent, or indefinite, living at a given place, not for a temporary or special purpose, but with the present intention of making that place home unless or until something unexpected or uncertain shall induce the adoption of some other permanent home. Negatively expressed, there must be an absence of any present intention of not residing at the place permanently or for an indefinite time."

After examining this case according to those principles, our conclusion is that the defendant never acquired a bona fide domicil in the State of Florida. A careful examination of the evidence convinces us that he went to that State for the sole purpose of obtaining a divorce and with the intention of returning to Delaware immediately upon the accomplishment of that purpose. His representations to the Florida Court concerning his domicil constituted a fraud upon that Court, which lacked jurisdiction to enter the divorce decree. The decree is therefore invalid in this State. The fact that Mrs. Nixon caused or permitted an appearance to be entered for her in the Florida case constitutes no estoppel against her; *Ainscow v. Alexander, supra; Andrews v. Andrews*, 188 *U.S.* 14, 23 *S.Ct.* 237, 47 *L.Ed.* 366; and certainly it cannot act as an estoppel against the State in a criminal action.

Judgment will be entered in accordance herewith.