**STATE of Delaware**

v.

**William L. BENDER.**

Superior Court of Delaware,
New Castle.

Oct. 20, 1971.

Richard R. Wier, State Prosecutor, Wilmington, for plaintiff.

Richard Allen Paul, Asst. Public Defender, Wilmington, for defendant.

## OPINION ON MOTION TO MODIFY SENTENCE; SENTENCE MODIFIED

QUILLEN, Judge.

The prisoner filed a petition for a writ of habeas corpus which was procedurally transferred to a post conviction motion by defendant under Rule 35(a) on the ground that the sentence is presently in violation of the Constitution of the United States and the statutes of the State of Delaware.

The defendant was sentenced on July 26, 1968, and given the following sentence:

It is the sentence of this Court that the defendant shall:

1. Pay the costs of prosecution. If the costs are not paid, a consecutive prison sentence of ten (10) days shall be served in lieu thereof.

2. On Count I, the charge of robbery:

    a. Pay and forfeit a fine in the sum of five hundred ($500.00) dollars. If the fine is not paid, a consecutive prison sentence of six (6) months shall be served in lieu thereof.

b. Be imprisoned for a period of fifteen (15) years beginning July 26, 1968, and ending July 25, 1983, with a credit of sixty-four (64) days already served.

3. On Count II, the charge of conspiracy, be imprisoned for a period of two (2) years beginning July 26, 1968, and ending July 25, 1970.

4. Continue in the custody of the Department of Correction for the purpose of carrying out this sentence.

The defendant challenges the portion of the sentence which provides for imprisonment in lieu of costs and fine on two grounds.

■ First, the defendant cites 11 Del.C. § 4106, a statute enacted in 1969, which states: "No person sentenced to pay a fine or costs upon conviction of a crime shall be ordered to be imprisoned in default of the payment of such fine or costs." This Court has already held that the statute should not be given a retroactive effect. Lloyd v. State, 5259 C.A. 1970 (Letter Opinion of Judge Quillen dated December 1, 1970). The opinion said in part:

"The 1969 statute was not made retroactive by any express language. In addition, the whole tenor of the statute is related to the act of sentencing. It is inconceivable that the General Assembly intended that the statute should be given a retroactive effect as to innumerable persons already serving a sentence at the time of its enactment."

See also State v. Nixon, 4 Terry 318, 46 A.2d 874 (Gen.Sess.1946) as for the general law on retroactive application of statutes. Reliance on 11 Del.C. § 4106 is misplaced.

Second, the defendant relies on Federal Constitutional law and recent United States Supreme Court cases. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970);

Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971).

The *Williams* case held that "the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." Williams v. Illinois, supra, at 399 U.S. 244, 90 S.Ct. at 2023. Thus, it was held unconstitutional to give the maximum prison term provided by state statute and, in addition, imprisonment in lieu of costs and fine.

In Morris v. Schoonfield, 399 U.S. at 508–509, 90 S.Ct. at 2233, four members of the Court (White, Douglas, Brennan and Marshall) extended the *Williams* case as follows:

"* * * the same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full."

Although the third case, Tate v. Short, supra, did not require it, a majority of the Court expressly, and therefore pointedly, adopted the above language of the *Morris* foursome. Indeed, Justice Brennan delivered the *Tate* opinion of the Court and particularly spoke for five other members (Burger, Douglas, Stewart, White and Marshall). And Justice Blackmun's concurring opinion concurred with both the judgment and the opinion. Thus every Justice currently sitting has now expressly endorsed the above quoted language of the *Morris* foursome. The language should therefore be considered as Federal Constitutional Law.

■ The State argues that Delaware's diminution of confinement (good time) and parole laws prevent the automatic conversion of the fine into a jail term. 11 Del.C. § 4371 et seq. and § 4346. Compare State v. DeBonis, 58 N.J. 182, 276 A.2d 137 (1971). The Court does not agree.

In the first place, unless the costs and fine are paid, the substituted jail term is included in determining parole eligibility.

■ Secondly, the State's argument is not directed at the evil the Supreme Court was condemning. A State's statutory scheme should accommodate an individual's reasonable attempt to pay the costs and fine. It is only when the defendant is unable to secure funds after an opportunity to do so that imprisonment is a permissible alternative as an enforcement method. As Justice Brennan wrote for the *Morris* foursome, 399 U.S. at 509, 90 S.Ct. at 2233, 26 L.Ed.2d at 774:

"As I understand it, Williams v. Illinois does not mean that a State cannot jail a person who has the means to pay a fine but refuses or neglects to do so. Neither does it finally answer the question whether the State's interest in deterring unlawful conduct and in enforcing its penal laws through fines as well as jail sentences will justify imposing an 'equivalent' jail sentence on the indigent who, despite his own reasonable efforts and the State's *attempt* at accommodation, is unable to secure the necessary funds. But Williams means, at minimum, that in imposing fines as punishment for criminal conduct more care must be taken to provide for those whose lack of funds would otherwise automatically convert a fine into a jail sentence."

When a defendant's sole opportunity to pay his costs and fine is dependent on the State's determination of his fitness for parole or eligibility to earn money while incarcerated, the statutory scheme does not meet the Supreme Court's test that the individual be given an opportunity to meet a financial penalty.

Thirdly, in candor, it should be noted with regret that indigency may possibly be a factor in parole determinations. Arthur Goldberg, a former Supreme Court Justice, has noted: "After conviction, the defendant's financial condition may have a significant effect * * * on whether and when he is paroled. * * * Probation and parole frequently depend upon the availability of a job and/or of psychiatric treatment. These conditions can, of course, be met and maintained more easily by one who has means then one who does not." Goldberg, Equality and Governmental Action, 39 New York University Law Review 205, 220–221 (1964).

■ I conclude that the very imposition at the time of sentencing of a sentence extending the term of imprisonment in default of fine and costs constitutes, under now established legal principles, a violation of the Equal Protection Clause of the Fourteenth Amendment. A fair alternative method of payment must be provided.

■ I also conclude that the new standards set by the Supreme Court should be applied not only prospectively but also retroactively. The *Williams* case itself arose from a post conviction application similar to the instant application. Williams v. Illinois, supra. See also Wade v. Carsley, 433 F.2d 68 (5th Cir. 1970).

The question then becomes one of remedy. It is clear that the United States Supreme Court did not require the State to abandon efforts to collect costs, which in Delaware are imposed in the Judge's discretion as part of the sentence penalty under 11 Del.C. § 4332(g), and fines. As the Supreme Court said in Williams v. Illinois, 399 U.S. at 244, 90 S.Ct. at 2024, 26 L.Ed.2d at 595:

"The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to

avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.

It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment—or judges within the scope of their authority—may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones."

■ In Delaware, the remedy has been legislatively provided. 11 Del.C. § 4105, § 4106.[1] The difficulty is that this Court, as noted above, refused as a matter of State law to retroactively apply Section 4106(a), insofar as it barred imprisonment in default of payment of fine or costs. But the language from and the remand in the *Williams* case quoted above specifically invites legislative action to fill the vacuum created in this area by Constitutional case law. I therefore conclude that the remedies provided by 11 Del.C. § 4105 and § 4106, enacted in 1969 and 1970, can be used in 1971 to correct a sentence imposed in 1968.

I therefore will invoke in this case 11 Del.C. § 4106(b), which reads, as quoted in the current supplement to the Delaware Code Annotated, as follows in pertinent part:

"Where a person sentenced to pay a *fine, costs or both,* on conviction of a crime is unable or fails to pay such *fine, costs or both,* at the time of imposition of sentence or in accordance with the terms of payment set by the court, the court may order the person to report during regular work days to the Director of Division of Corrections of the Department of Health & Social Services, or a person designated by him, for work for a number and schedule of days necessary to discharge the *fine* (sic) imposed." Emphasis added.

■ It is apparent that the General Assembly inadvertently omitted the words "costs or both" after the third "fine" in the above quoted language. The intent is plainly verifiable from the context of the one sentence. A literal reading of the remedial statute results in an ambiguity which states the problem of nonpayment of costs and provides no remedy. This interpretation is absurd. I conclude the case provides one of the rare instances where a court by construction may supply omitted words to a statute in order to complete the sense and to express the obvious legislative intent. 82 C.J.S. Statutes § 344; Winter v. Hindin, 3 W.W.Harr. 294, 136 A. 280 (1926); Jacobs v. Metropolitan Life Insurance Company, 1 Terry 48, 1 A.2d 601 (Sup.Ct.1938); Trader v. Jester, 1 Terry 66, 1 A.2d 609 (Super.Ct. 1938). It is thus possible to use the work provision to collect costs.[2]

In light of the above, the sentence in this case will be modified pursuant to Rule 35 (a) of the Criminal Rules.

■ It is the sentence of this Court that the defendant shall:

1. Pay the costs of prosecution. If the costs are not paid by the time the prison sentence hereinafter imposed for robbery is completed, the defendant shall report during regular work days to the Director of the Division of Corrections of the Department of Health & Social Services for work for a number and

---

1. It should be noted that 11 Del.C. § 4106 (d), insofar as it provides consecutive sentences in lieu of fine and costs where a defendant also is given a jail sentence, runs afoul of the *Tate* decision.

2. This construction is underlined by the provision permitting the State to with-

hold an amount not necessary to sustain the convicted person. A later sentence in 11 Del.C. § 4106(b) provides:
    "The amount withheld shall be paid over to the State to be applied to the *fine and costs* imposed until fully paid." Emphasis added.

schedule of days necessary to discharge the costs imposed.

2. On Count I, the charge of robbery:

a. Pay and forfeit a fine in the sum of five hundred ($500.00) dollars. If the fine is not paid by the time the prison sentence hereinafter imposed for robbery is completed, the defendant shall report during regular work days to the Director of the Division of Corrections of the Department of Health & Social Services for work for a number and schedule of days necessary to discharge the fine imposed.

b. Be imprisoned for a period of fifteen (15) years beginning July 26, 1968, and ending July 25, 1983, with a credit for sixty-four (64) days already served.

3. On Count II, the charge of conspiracy, be imprisoned for a period of two (2) years beginning July 26, 1968, and ending July 25, 1970.

4. Continue in the custody of the Division of Adult Correction for the purpose of carrying out this sentence.

It is so ordered.