Anthony WALKER, Respondent
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Superior Court of Delaware,
New Castle County.

Submitted: Sept. 9, 1987.
Decided: Nov. 10, 1987.

Raymond J. Hancock, Office of the Public Defender, Wilmington, for appellant.

Paulette S. Moore, Dept. of Justice, Wilmington, for appellee.

## OPINION

GEBELEIN, Judge.

This is an appeal by Anthony W. (appellant) from the portion of a December 6, 1986 Family Court decision imposing upon appellant a fine of $9,000 plus an assessment to the Victim's Compensation Fund. The fine followed a finding that appellant was delinquent on the charges of delivery of a Schedule II Controlled Substance (Cocaine) and Conspiracy in the Second Degree. Appellant, thereafter, was confined to Ferris School until his nineteenth birthday. Anthony was 18 years old at the time of the decision and 17 years old at the purported date of the crimes (born July 14, 1968).

The Court first imposed a fine of $10,000 (Tr. 59), and later reduced it to $9,000 (Tr. 61) following a request for reconsideration by appellant's counsel (Tr. 59). The final decision required appellant to pay the fine in 48 monthly installments of $148 on the first of each month, following his release from Ferris. The levy assessment for the Victim's Compensation Fund should amount to fifteen percent of the fine, or $1,350 for a total of $10,350 owed. 11 Del.C. § 9012(a).

If appellant misses any payment, the clerk is ordered to notify the Court and the Attorney General. Should appellant be delinquent in any payment, he is to report to the Work Referral Program. If he fails to do so, he may be held in criminal contempt, an offense carrying a possible two-year term of imprisonment in an adult correctional facility. (Tr. 59).

Conversely, the Court ruled that appellant may apply for reduction or suspension of a portion of the fine if he makes diligent payment of the fine and assessment, enters and completes a drug program, and functions as a law-abiding citizen for a substantial period of time.

Appellant's attorney filed a motion for opening of disposition on December 10, 1986. The motion contended that the fine and assessment 1) were excessive to the point of being counter-productive to the best interests of the child; 2) would extend the Court's jurisdiction beyond the allowable statutory period; 3) were excessive in that they likely could extend the minor's imprisonment on default of payment in violation of the Equal Protection Clause of the Fourteenth Amendment.

The lower Court Judge in a December 31, 1986 disposition declined to change the amount of the fine and assessment. He noted that a program already had been arranged whereby appellant could apply for reduction or suspension of the fine imposed. He further noted that the decision was without benefit of the State's response to appellant's motion.

Notice of appeal to this Court was filed on December 24, 1986. The three grounds asserted in the previous motion were included as bases for the appeal as was a fourth contention that the sum total of the dollar amount of the fine and assessment differs from the payment schedule mandated in the Court's disposition.

On September 14, 1987, this Court granted a motion to proceed to judgment based on appellant's May 8, 1987 brief. The State failed to file its answering brief on May 22, 1987, as agreed to in the stipulated brief schedule. It also failed to meet the July 31, 1987 briefing deadline as agreed to in the revised stipulated briefing schedule. This Court noted in its recent order that sanctions would be considered if the State failed to respond by September 25, 1987. The State to this day has not yet responded.[1]

Appeals in juvenile delinquency and amenability matters are on the record. *G.D. v. State*, Del.Supr., 389 A.2d 764 at 765 (1978). For an appeal on the record, the standard of review is whether or not the Court abused its discretion or otherwise committed an error of law requiring reversal. Where a lower Court has not exceeded the bounds of reason in view of the circumstances or so ignored the rules

---

1. The failure of the State to file its brief in this case clearly fails to meet the standards expected of members of the Bar of the Supreme Court of Delaware. This matter is being referred to the Disciplinary Counsel of the Board on Professional Responsibility for investigation.

of law or practice so as to produce an injustice, discretion has not been abused. *Pitts v. White*, Del.Supr., 10 Terry 78, 109 A.2d 786 at 788 (1954). The question on appeal then is whether this Court believes that the trial Court could reasonably have reached the decision it made. *Id.*

The first argument appellant presents is that the fine and assessment are so excessive that their imposition is contrary to the best interests of the child. This Court must determine whether the Court's fine was so unreasonable as to constitute an abuse of discretion.

In the Family Court of Delaware, "the nature of the hearing and all other proceedings shall be in the interest of rather than against the child." 10 *Del.C.* § 931. With some exceptions, §§ 931 and 921 (specifying Family Court jurisdiction over juvenile proceedings) evidence an intent to treat juvenile offenders differently than adult offenders. *Fletcher v. State*, Del.Supr., 409 A.2d 1254 at 1256 (1979).

Counsel argues that the Court did not act in appellant's interest when it imposed the fine and assessment. Specifically, he pointed out to the lower Court that appellant had been unemployed and that his prospects for future employment were questionable. Further, he argued that future employment, if any, likely would yield minimum wage (Tr. 60). The Court at one point expressed concern that appellant might revert to some illegal activity to help pay the fine (Tr. 60). However, it also noted that an employed or busy individual is less likely to "get into trouble". (Tr. 60).

Appellant's counsel stated in his motion for opening disposition that in the event of hearing, he expected appellant's former probation officer to offer his opinion that the fine imposed likely would cause appellant to resume criminal activity to meet the payments.

Ten *Del.C.* § 937(b)(11) provides that the Family Court may fine a child. There is no other statute directly authorizing this Family Court fine.

By analogy, 16 *Del.C.* § 4753A(a)(2) allows for fines of from $50,000 to $400,000 for trafficking in cocaine, depending upon the quantity involved. Likewise, 16 *Del.C.* § 4751 imposes a fine of from $5,000 to $50,000 for conviction of delivery of cocaine. These fines are for criminal conviction rather than juvenile delinquency proceedings. Nonetheless, the fine imposed on appellant does not appear as harsh by comparison, since his adjudication as a delinquent was based on delivery of cocaine.

Another instructive statute is 11 *Del.C.* § 4104(a), which provides that a Court may direct a defendant to pay a specified portion of a fine, costs or restitution over designated periodic intervals. The statute that sets requirements for restitution to victims does not list ability to pay as a consideration in determining the nature and amount of restitution. 11 *Del.C.* § 4106. In *Pratt v. State*, Del.Supr., 486 A.2d 1154 (1983), the Delaware Supreme Court held that a defendant's ability to pay need not be considered in determining the amount of restitution under the latter section, but urged adoption of a guideline that would consider payment ability. *Id.* at 1160, 1161.

In *Pratt*, defendants were 19–year olds at the time of sentencing with no skill, little prospect for future training and felony records. Each was charged with paying $22,465.49 in restitution to the victims of their crimes. *Pratt*, 486 A.2d at 1157. The Court noted that the lower court may have been more intent on making examples of the defendants than giving the application of law the care and attention it deserved. However, the Court sustained the discretionary ruling, while noting that it had reached the "outer limits" of discretion. *Id.* at 1162.

It is noteworthy that the Delaware Supreme Court upheld the lower court's award of restitution recognizing its goal of rehabilitation, as well as reimbursement to the victim. *Id.* at 1157. It is equally likely that the fine in the instant case could work toward the best interests of the child by requiring him to work to pay off a fine for his offense, and thus learn some responsibility.

The Family Court in the instant case noted the seriousness of drug crimes and the need for courts to discourage the sale of drugs (Tr. 58). "If he were an adult he would get a minimum of 10 years. But I'm going to send whatever message I can." (Tr. 58). It is clear that the Court here wished to make an example of appellant, as cautioned against in *Pratt*. However, the subsequent reduction of the fine, the expressed intent for appellant to be productive, the alternative of work referral, and the stated willingness to entertain at a later time a motion to reduce the fine again demonstrate consideration by the Family Court of the decision's impact on appellant's welfare and of the intent of the law.

■ The Delaware Supreme Court in *Hindt v. State*, Del.Supr., 421 A.2d 1325 (1980) listed factors to consider in reviewing an allegedly excessive fine. They are the statutory objective; the importance and magnitude of the public interest to be protected; the circumstances and nature of the act for which the fine was imposed; in some instances the defendant's ability to pay; and the statutory penalties in Delaware and other states. *Id.* at 1333, citing *State v. Trailer Service*, Wis.Supr., 61 Wis. 2d 400, 212 N.W.2d 683, 689 (1973).

■ There is no stated statutory objective of the Family Court fine, but by definition it is a pecuniary punishment. *Black's Law Dictionary*, p. 568 (1978). A statutory objective of juvenile adjudication is to protect the child's interest. To meet these dual goals, the Court considered the nature of the offense and its impact on the public, plus the defendant's previous misdemeanor record in imposing the fine. It also expressed a desire to keep the defendant out of trouble through working to pay the fine (Tr. 60), despite misgivings about appellant's possible reversion to an illegal activity to produce the money. Although not required to, the Court did consider appellant's potential ability to pay when it reduced the fine. Thus, the Court properly considered the need for a fine and its impact on the juvenile.

"For a fine to be unusual or excessive, it must be so disproportionate to the offense as to shock public sentiment and [be] contrary to the judgment of reasonable people considering what is proper under the circumstances." *Hindt*, 421 A.2d at 1333, quoting *State v. Trailer Service, Inc., supra*.

This Court cannot find that the fine is so excessive as to be shocking to public conscience, or that the Court could not reasonably have reached the conclusion it did.

Appellant's second argument is that payment of the fine beginning after his release from Ferris on his nineteenth birthday extends the Family Court's jurisdiction beyond his adult years, in contravention of statutory authority. 10 *Del.C.* § 937; 31 *Del.C.* § 5108(b).

The Family Court of Delaware in *State v. Pensyl*, Del.Fam., File No. A–6140, Gallagher, Assoc. J. (October 25, 1983), reasoned that an argument that the Court cannot commit the defendant as an adult for violating a juvenile order is misplaced. *Id.* at 3. "An order of this court is an order whether it applies to a juvenile or an adult." *Id.* In *Pensyl*, defendant was adjudicated delinquent before his eighteenth birthday, and was placed on probation. He failed to meet the terms of probation and was prosecuted for criminal contempt. The Court reasoned that defendant was being prosecuted as an adult for an adult offense, although it was rooted in a delinquency adjudication. *Id.* at 4. Defendant, thus, could be prosecuted as an adult under 10 *Del.C.* §§ 940(a) and 942 (dealing with adult criminal proceedings).

The Court in *Pensyl* based its decision in part on *State v. Finocchiaro*, Del.Fam., File No. B–320, Wakefield, J. (Sept. 1, 1983). That Court ruled that a new and separate charge brought against an individual as an adult for violation of an order entered with respect to delinquency charges was properly tried in Family Court. "[H]e must be tried as an adult and ... although some argument might be made that he should be tried in another court, he should be tried in the first instance in this court since it is this court's order that he allegedly violated...".

■ In the instant case, appellant was told to report to the Work Referral Program if he missed a fine payment. If he fails to do so, the Court will impose contempt sanctions. Eleven *Del. C.* § 1271(3) provides that one is guilty of criminal contempt if he fails to obey a court mandate. Ten *Del. C.* § 925(3) and Family Court Rule 390 (now Family Court Criminal Rule 42) grant the Family Court authority to punish civil and criminal contempt. The Court also has authority to determine, render and *enforce* judgment in any proceeding before the Court. 10 *Del. C.* § 925(9). Additionally, Delaware law provides that a court shall retain jurisdiction over a convicted person until any fine imposed is paid in full. 11 *Del. C.* § 4104(d). Although appellant is not considered a criminal under 10 *Del. C.* § 931, the analogy is clear.

Based on the foregoing, appellant's assertion that the Family Court lacks jurisdiction to monitor fine payment is unfounded.

■ Appellant's third argument is that his indigency subjects him to an extended prison term in violation of the Equal Protection Clause of the Fourteenth Amendment. Specifically, appellant was directed to report to the Work Referral Program for a job if he missed an installment on the fine. If he fails to report, he will be subject "to a criminal offense as an adult of criminal contempt." (Tr. 59).

Appellant cites as support *State v. Bender*, Del.Super., 283 A.2d 847 (1971). That case held that imposition at the time of sentencing of a sentence extending the term of imprisonment in default of a fine and costs constituted a violation of the Equal Protection Clause. *Id.* at 850. The decision was based in part on the concurring opinion in *Morris v. Schoonfield*, U.S. Supr., 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773 (1970), which held that the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot pay the fine in full, at the time specified. It also relied in part on 11 *Del. C.* § 4105(a) which states that no person sentenced to pay a fine upon conviction of a crime shall be ordered to be imprisoned in default of payment of the fine.

In the instant case, appellant was not ordered to jail if he missed an installment. Rather, in the event of non-payment, he is ordered to report to the Work Referral Program. The criminal contempt charge would be invoked *not* if appellant missed a payment, but if he willfully failed to report to the program *after* missing an installment. The Court in *State v. Bender* held that correction of the sentence to require defendant to report to work to discharge the fine was permissible under statutory and constitutional standards. *State v. Bender*, 283 A.2d at 851. This is supported by 11 *Del. C.* § 4105(b), providing that the Court may order a person to report to the Department of Correction for work to discharge a fine.

■ It is important to note that § 4105(e) allows discretion to a Court with probationary powers to treat failure to comply with a court order regarding fines as a *civil* contempt or as if defendant had been placed on probation and the probation violated. However, any sentence in violation of probation may not exceed thirty days. This section will impact on any criminal contempt sanction the lower court may attempt to impose for missing a payment.[2]

The U.S. Supreme Court in *Williams v. Illinois*, 399 U.S. 235 at 244, 90 S.Ct. 2018 at 2023–24, 26 L.Ed.2d 586 (1970) reasoned that the State "is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction."

2. Failure to report to work referral, however, can result in sanctions for criminal or civil contempt per Family Court Rule 390 (now Family Court Criminal Rule 42) or 10 *Del.C.* § 925(3). *See State v. Pensyl*, Del.Fam., File No. A–6140, Gallagher, Assoc. J. (October 25, 1983), where an individual adjudicated delinquent failed to meet the terms of his probation and was cited for criminal contempt.

In the spirit of this ruling, the order to report to work referral provides a proper compromise for appellant, as allowed for in 11 *Del.C.* § 4105(b).

A Delaware case on point is *Traylor v. State*, Del.Supr., 458 A.2d 1170 (1983). There, defendant was sentenced to three years in prison and fined $75,000 for trafficking in illegal drugs. Defendant argued that since he was indigent, he constitutionally could not be required to pay the fine. *Id.* at 1179. The Court noted that the logical extension of defendant's contention showed its absurdity: "any fine would be excessive simply because he is unable to pay." *Id.* The Court held that Delaware's allowance of fines to be paid in installments, through assignment of earnings or by work on a public work assignment, satisfied the Equal Protection Clause of the Fourteenth Amendment.

Based on the foregoing, this Court finds appellant's equal protection argument to be without merit.

The final argument of Anthony W. is that the fine and assessment levied differ in dollar amount from the payment schedule mandated in the Court's December 1, 1986 disposition. Specifically, the disposition calls for a $9,000 fine, plus an assessment to the Victim's Compensation Fund. The fine was to be paid in 48 monthly installments of $148 each. These payments total only $7,104.

The lower Court judge in his final court pronouncement (Tr. 61) ordered a reduction of the fine to $9,000, to be paid at $187.50 a month for 48 months, for a total of $9,020. In his discussion of the fine (Tr. 59–61), he does not impose an assessment to the Victim's Compensation Fund as he did in the disposition. A penalty assessment of 15 percent is levied on every fine imposed for *criminal* offenses. 11 *Del.C.* § 9012(a). No child is deemed a criminal by virtue of an adjudication of delinquency. 10 *Del.C.* § 931. Further, an adjudication of delinquency is a civil proceeding. *G.D. v. State*, Del.Supr., 389 A.2d 764 (1978). Section 9012(a), therefore, is not properly applicable to this minor. Further, the Family Court Judge, in trial, clearly expressed his intent to reduce the fine to $9,000 to prevent appellant from resorting to crime to pay the fine. An additional assessment would thwart this goal.

Because the fine imposed at trial (as reflected in the transcript) differs from the fine and assessment imposed in the disposition, appellant should petition the Family Court for relief from judgment due to mistake per Family Court Civil Rule 60(a) or (b)(1). A second avenue is Rule 60(a), allowing for correction of clerical or mathematical errors arising from oversight or omission.

Based on the foregoing, the Court cannot find that the lower court abused its discretin or otherwise committed an error of law requiring a reversal.

The decision of the Court–below is AFFIRMED.

IT IS SO ORDERED.