# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                                   )
                                   )

**v.**                                  )        **ID No. 1212005871A**
                                   )

**JOEQWELL S. COVERDALE,**   )
                                   )

            **Defendant.**     )

Submitted: July 31, 2014
Decided: August 11, 2014
Corrected: August 13, 2014*

## <u>ORDER DENYING MOTION TO REDUCE SENTENCE</u>

This 11th day of August, 2014, upon consideration of the Defendant's Motion for Sentence Reduction and the record in this matter, it appears to the Court that:

(1) On February 14, 2014, following a jury trial, Joeqwell S. Coverdale was convicted of three counts of first degree robbery, one count of second degree robbery, second degree conspiracy and four counts of

---

* This corrected order is issued to clarify the bases for the Court's finding of the inapplicability of 79 DEL. LAWS c. 297 (2014) to Coverdale's sentence, and to address typographical errors in paragraph 6 of the original order. *See* Super. Ct. Crim. R. 36 (The Court may correct its clerical errors at any time).

possession of a firearm during the commission of a felony ("PFDCF").[2] On June 13, 2014, Coverdale was sentenced to serve: (1) ten years at Level V, suspended after three years for lesser levels of supervision for one robbery first degree charge, and three years at Level V for each of the other two robbery first degree charges; (2) three years at Level V for each of the four PFDCF counts; (3) five years at Level V, suspended immediately for robbery second degree; and (4) two years at Level V, suspended immediately for conspiracy second degree. Coverdale's 21-year term of unsuspended imprisonment is comprised wholly of minimum terms of incarceration that must be imposed and cannot be suspended.[3]

(2) Coverdale filed a direct appeal from his convictions and sentence, which is now pending.[4]

---

[2] DEL. CODE ANN. tit. 11, § 832 (2012) (robbery in the first degree); *id.* at § 831 (robbery in the second degree); *id.* at 512 (conspiracy in the second degree); *id.* at § 1447A (PFDCF).

[3] DEL. CODE ANN. tit. 11, § 832(b)(1) (2012) ("Notwithstanding any provisions of this section or Code to the contrary, any person convicted of robbery in the first degree shall receive a minimum sentence of . . . [t]hree years at Level V . . ."); *id.* at §§ 1447A(b) & (d) ("A person convicted [of PFDCF] shall receive a minimum sentence of 3 years at Level V . . . [and a]ny sentence imposed for a violation of this section shall not be subject to suspension . . ."). *See State v. Lennon*, 2003 WL 1342983, at *1 (Del. Mar. 11, 2003) (court must impose the statutory minimum for robbery first degree).

[4] *See* Not. of Appeal, *Joeqwell S. Coverdale v. State of Delaware*, No. 377, 2014 (Del. filed July 14, 2014).

(3) Coverdale then filed the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his Level V term.[5] Coverdale appears to seek application of recently amended provisions of 11 *Del. C.* § 3901,[6] suggesting they may be applied under Rule 35(b) to reduce his overall term of incarceration by running certain of his sentences concurrently.[7] He asks also that the Court defer ruling on his motion until after disposition of his direct appeal.[8]

(4) The Court may consider such a motion "without presentation, hearing or argument."[9] And while the Court may defer decision of this motion during the pendency of Coverdale's appeal, the Court may also decide the motion now.[10] The Court will decide this motion on the papers filed.

---

[5] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion).

[6] *See* 79 DEL. LAWS c. 297 (2014) (effective July 9, 2014; amends 11 *Del. C.* § 3901(d) to grant a sentencing judge discretion to impose either concurrent or consecutive sentences for certain crimes).

[7] Def. Rule 35(b) Mot. at 1-2.

[8] *Id.* at 2.

[9] Super. Ct. Crim. R. 35(b).

[10] *Id.*

(5)     The intent of Superior Court Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11]   Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.   The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate.[12]   But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[13]

(6)     The Court was constrained to impose at least a 3-year mandatory prison term for each first degree robbery charge[14] and at least a

---

[11]     *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

[12]     *See United States v. Ellenbogan*, 390 F.2d 537, 541, 543 (2d Cir. 1968) (explaining time limitation and purpose of then-extant sentence reduction provision of Federal Criminal Rule 35, the federal analogue to current Superior Court Criminal Rule 35(b)); *see also United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973) (Rule 35 allows sentencing court "to decide if, on further reflection, the original sentence now seems unduly harsh" . . . such request "is essentially a 'plea for leniency.'") (citations omitted).

[13]     *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[14]     DEL. CODE ANN. tit. 11, § 832(b) (2012).   *See State v. Lennon*, 2003 WL 1342983, at *1 (Del. March 11, 2003) (court must impose minimum for robbery first degree; at the time of Lennon's plea that was 2 years).

3-year mandatory prison term for each PFDCF charge.[15] At Coverdale's sentencing, the Court was statutorily prohibited from ordering any of those prison terms to run concurrently.[16] And, though Coverdale might argue otherwise, the new provisions of § 3901(d) – enacted some 18 months after his crimes and about a month after his sentencing – have no retroactive effect.[17] But even if they did, under now-amended § 3901(d), the Court still has no authority to impose concurrent sentencing for certain serious crimes. Those crimes include robbery first degree and PFDCF.[18]

   (7)   In turn, the Court must deny Coverdale's motion to reduce his sentence.

---

[15]     DEL. CODE ANN. tit. 11, § 1447A(b) (2012).

[16]     DEL. CODE ANN. tit. 11, § 3901(d) (2012) ("No sentence of confinement of any criminal defendant . . . shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.").

[17]     *State v. Jennings*, Del. Super., ID Nos. 1203003795 & 1304023113, Vaughn, P.J. (Aug. 11, 2014) (rejecting the argument that recently amended § 3901(d) provisions that might allow concurrent sentencing for some crimes could be applied retroactively); *State v. Ismaaeel,* 840 A.2d 644, 654 (Del. Super. Ct. 2004), *aff'd*, 2004 WL 1587040 (Del. July 25, 2004) (sentencing scheme in effect when defendant's drug offenses were committed applied because the subsequent statutory amendments applied prospectively only); *State v. Nixon*, 46 A.2d 874, 875 (Del. Gen. Sess. 1946) ("Retrospective operation is not favored by the Courts, and a law will not be construed as retroactive unless the Act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application.") (citations omitted).

[18]     DEL. CODE ANN. tit. 11, § 3901(d) (Supp. 2014) (". . . no sentence of confinement . . . shall be made to run concurrently with any other sentence of confinement imposed . . . for any conviction of . . . Robbery in the first degree [or] . . . Possession of a firearm during the commission of a felony . . . .").

**NOW, THEREFORE, IT IS ORDERED** that Joeqwell S. Coverdale's motion for reduction of sentence is **DENIED**.

***/s/ Paul R. Wallace***

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Caterina Gatto, Deputy Attorney General
John S. Malik, Esquire
Mr. Joeqwell S. Coverdale, *pro se*
Investigative Services Office