J-A19011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRANDON PAUL HUMMEL | : | |
| | : | |
| Appellant | : | No. 1062 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 26, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0004553-2022

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: JANUARY 9, 2025**

Brandon Paul Hummel appeals from the judgment of sentence entered in the Court of Common Pleas of York County after his conviction for DUI – General Impairment.[1] Hummel argues that the trial court erred in concluding that the Department of Conservation and Natural Resources ("DCNR") officer had the authority under the Municipal Police Jurisdiction Act[2] ("MPJA") to detain him outside of DCNR's jurisdiction. We affirm on the basis of the trial court opinion.

The parties stipulated to the following facts.

> On August 21st 2022, Ranger Sarah Spalding with the [DCNR] Bureau of State Parks [], was on routine patrol and headed to the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 42 Pa.C.S.A. §§ 8951-8955.

Rummel Farm area of Codorus State Park. At approximately 6:12 p.m., while traveling to her assigned location, Ranger Spalding came across what appeared to be a motor vehicle accident involving one Jeep Grand Cherokee.

Ranger Spalding could see the vehicle was blocking the left lane and had a shattered windshield, both front airbags were deployed, there was severe front-end damage, and the front passenger side tire was deflated.

Ranger Spalding saw a man, later identified as [Hummel], standing next to the vehicle's driver side door with a swollen, bloody mouth. Ranger Spalding left her vehicle and first confirmed [Hummel] was the driver and that there were no other vehicle occupants. Next, Ranger Spalding called Emergency Medical Services ("EMS"). [Hummel] communicated that he was hurt and that he hit the airbags hard.

While Ranger Spalding was speaking with [Hummel], she noticed he was visibly swaying side to side, was having a hard time focusing, had bloodshot eyes, his speech was slurred, and his breath clearly smelled of alcohol. At this time, she asked [Hummel] if [he] had his license, insurance, and registration. [Hummel] provided Ranger Spalding his license, which was held by her until she handed it to the West Manheim Township Officers. Ranger Spalding then asked [Hummel] how the accident occurred to which he responded that he could not recall.

Ranger Spalding asked [Hummel] if he consumed any alcohol recently to which he responded the last drink he had was before noon. Ranger Spalding asked if he took any prescription or recreation drugs to which [Hummel] responded he was on amoxicillin. Ranger Spalding then attempted to conduct standardized field sobriety tests. [Hummel] became physically and verbally agitated and refused. Ranger Spalding told [Hummel] he would be taken to the hospital for a blood draw whether he submitted to standardized field sobriety tests or not.

West Manheim Police Department [was] requested to respond on scene at approximately 6:23 p.m., eleven minutes later, by other DNCR Rangers who were responding as backup. West Manheim Township Officers arrived on scene at approximately 6:31 p.m., and took over the investigation as it was their jurisdiction. Officer [Schneider] with the West Manheim Township police department

saw the same signs of impairment as Ranger Spalding—absent the fact that [Hummel] did not admit to drinking alcohol to Officer [Schneider].

Stipulated Facts, 2/10/23, at ¶¶ 1-17 (some paragraph formatting provided; paragraph numbering omitted).

On February 23, 2023, the trial court heard argument on the omnibus motion filed by Hummel and subsequently denied Hummel's motion to suppress. The matter proceeded to a bench trial on May 26, 2023, where the trial court found Hummel guilty. On June 26, 2023, Hummel was sentenced to six months restrictive probation. Hummel timely appealed and filed a court-ordered statement of errors complained of on appeal.[3] **See** Pa.R.A.P. 1925(b). The trial court filed a 1925(a) opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Hummel raises a single issue.

Whether the Honorable Trial Court erred in concluding that the DCNR Ranger had the power and authority pursuant to the MPJA to detain [Hummel] outside the boundaries of State Park/Forest property.

Appellant's Brief, at 6.

Hummel argues that the trial court erred in denying his motion to suppress evidence because Ranger Spalding's actions in detaining him were not authorized under the MPJA. **See** Appellant's Brief, at 10. Specifically, Hummel argues that a DCNR ranger does not meet the definition of a

_____

[3] Hummel purports to appeal from the May 26, 2023 guilty verdict and the June 26, 2023 sentencing order. However, in criminal cases, appeals lie only from judgment of sentence, not the guilty verdict. **See Commonwealth v. Moser**, 283 A.2d 850, 856 n.6 (Pa. Super. 2022). We have amended the caption accordingly.

"nonmunicipal police officer" and Ranger Spalding's actions occurred outside her jurisdiction. *See id.*

The Commonwealth responds that Ranger Spalding had the requisite authority because DCNR rangers are granted "all the power and prerogatives conferred by law upon members of the police force of cities of the first class," and DCNR rangers are "nonmunicipal police officers" under the MPJA. *See* Commonwealth's Brief, at 7-10. Alternatively, the Commonwealth argues even if DCNR rangers are not covered by the MPJA, suppression is not warranted in this case and Ranger Spalding's actions fell under the community caretaking exception. *See id.* at 14-16.

DCNR rangers are granted certain police powers for "preserv[ing] order in the State parks[.]" 71 P.S. § 1340.303(a)(7). These powers and duties include:

> (i) To make arrests without warrant for all violations of the law which they may witness and to serve and execute warrants issued by the proper authorities. However, in cases of offenses for violation of any of the provisions of 75 Pa.C.S. (relating to vehicles), the power to make arrests without warrant shall be limited to cases where the offense is designated a felony or a misdemeanor or in cases causing or contributing to an accident resulting in injury or death to any person.
>
> (ii) To have all the powers and prerogatives conferred by law upon members of the police force of cities of the first class.
>
> (iii) To have all the powers and prerogatives conferred by law upon constables of this Commonwealth.
>
> (iv) To serve subpoenas issued for any examination, investigation or trial under any law of this Commonwealth.

(v) When authorized by the secretary or his designee, to exercise all of the foregoing powers on State forest lands or in other areas administered by the department.

71 P.S. § 1340.303(a)(7)(i)-(v).

Here, Ranger Spalding's actions took place outside the state park to which she was assigned. The pertinent question then is whether Ranger Spalding had authority to act outside her geographic jurisdiction.

Following careful consideration of the briefs filed by the parties, and a review of the certified record, as well as an independent examination of the pertinent law, we affirm on the comprehensive decision filed by the Honorable Gregory M. Snyder on October 27, 2023.

Judgment of sentence affirmed. The trial court's October 27, 2023, opinion is attached hereto.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/9/2025