# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 1204019391 |
| v. | ) | 1205020519 |
| | ) | |
| KEVIN L. PRIEST | ) | |
| | ) | |
| Defendant | ) | |

Submitted: August 1, 2014
Decided:  October 6, 2014

On Defendant's Motion to Have Concurrent Sentence of Imprisonment
Imposed.
**DENIED.**

# <u>ORDER</u>

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, Attorney for the State

Kevin L. Priest, Smyrna, Delaware, *pro se*

COOCH, R.J.

        This 6th day of October, 2014, upon consideration of Defendant's
Motion to Have Concurrent Sentence of Imprisonment Imposed, it appears
to the Court that:

1.      Defendant Kevin L. Priest pled guilty to two counts of drug
        dealing in July 2012.  In September 2012, Defendant was
        sentenced as a habitual offender to a total of 9 years at Level V,
        suspended after 5 years for eighteen months at Level IV,

suspended after six months with the balance to be served on Level III probation.[1]

2.      Defendant filed a Motion for Correction of Sentence in November 2013, requesting that this allow him to serve a portion of his sentence on work release after completion of a treatment program.[2]  That motion was subsequently denied by this Court.[3]

3.      Defendant filed the instant "Motion of a Formal Letter," on August 1, 2014.  In his filing, Defendant requests, pursuant to the amendments to 11 *Del. C.* 3901, that this Court amend his sentence and allow his two sentences to run concurrently, rather than consecutively.[4]

4.      As amended, Section 3901(d) provides in part: "The court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant."[5]

5.      Delaware case law is well settled on this point, and provides that "a law will not be construed as retroactive unless the Act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application."[6]

---

[1] *See* Docket #16 (Sept. 21, 2012). On the first count, Defendant was sentenced to three years at Level V with credit for eighty-eight days served. On the second count, Defendant was sentenced to six years at Level V, suspended after two years for eighteen months at level V, suspended after six months for the balance to be served on Level III probation.

[2] *See* Def.'s Motion for Correction of Sentence at 1.

[3] *See* Docket #18 (Nov. 13, 2013); Docket #19 (Nov. 18, 2013).

[4] Def.'s Motion at 1. H.B. 312, the source of the authority that Defendant argues gives this court the ability to revise his sentences, amends 11 *Del. C.* 3901 in part.

[5] 11 *Del. C.* § 3901(d).

[6] *State v. Ismaaeel*, 840 A.2d 644 (Del. Super. 2004) (quoting *State v. Nixon*, 46 A.2d 874, 875 (Del. Gen. Sess. 1946)) (internal quotation marks omitted).

6. This Court finds that Section 3901(d), as amended does not have retroactive effect.[7] As a result, Defendant's September 2012 sentences on the two counts of drug dealing to which he pled guilty cannot be revisited under 3901(d).

Therefore, Defendant's Motion to Have Concurrent Sentence of Imprisonment Imposed is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services
Matthew B. Frawley, Esquire
Kevin L. Priest

---

[7] *See State v. Jennings*, 2014 WL 3943089, at *1 (Del. Super. Aug. 11, 2014) (finding "Section 3901(d), as amended, was not intended by the Delaware General Assembly to have a retroactive effect.").